# JOSEPH DYER

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. VARIANCE—*must be urged in court below.* If there is a variance between the allegation and proof as to the name of a person to whom intoxicating liquor is sold, the defendant should raise the question in the court below, either by motion to exclude the evidence or by instruction. It comes too late on error for the first time.

2. NEW TRIAL—*newly discovered evidence.* The newly discovered evidence must be clear, explicit, and, if cumulative, conclusive in its character, to require the court to grant a new trial for that cause.

3. CRIMINAL LAW—*order of commitment—to what jail.* It is not for the court to direct the commitment of a prisoner to the jail of another county, although there is no jail in the county where the offense is committed and the trial had, or if there be one, it is insufficient. The order should be to commit to the county jail, then, if proper cause exist, the sheriff will commit to the jail of another county.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. CREA & EWING, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE WALKER delivered the opinion of the Court:

An indictment was presented by the grand jury against plaintiff in error, charging, in the first count, the sale of intoxicating liquor to an intoxicated person, and in the second, to the same person, averring that he was in the habit of becoming intoxicated. On a trial before the court and a jury, defendant was found guilty under the first count. After overruling a motion for a new trial, the court sentenced him to pay a fine of $20, and to be imprisoned ten days in the common jail of Shelby county.

It is first urged that the person to whom the liquor was sold was described in the indictment as Stoydell, when the proof shows that his name is Stogdell, and that this was a fatal variance, for which the judgment should be reversed. It is obvious

to our minds that the difference in the spelling of the name is only apparent, and not real. If the letter " g " in the name was carelessly written in the indictment, it might be readily mistaken for the letter " y," and thus produce the apparent change in the name. This, we have no doubt, was the case, as no notice was taken of it in the court below, either by motion to exclude the evidence or by instructions. We apprehend that, had the evidence shown the variance to have in fact existed, counsel would have urged it in the court below. But conceding that it did exist, as claimed, plaintiff in error should have raised the question in the court below, and it comes too late when raised for the first time in this court. To have been availing it was necessary that the objection should have been raised in that court. A party will not be. permitted to lie by and reserve such technical objections, to be urged on error in this court. If there was, in fact, such a variance, it is but fair to the parties and to the court trying the cause, that such objections should be made in the progress of the trial in the court below. There is, therefore, no force in this objection.

It is next urged, that the court below erred in not granting a new trial, on account of the newly discovered evidence. In the first place it is cumulative, and in the next place it is indefinite and inconclusive. Two of the newly discovered witnesses say, they believe that Williams, the people's witness, was not present on the occasion. The other thinks he was, but simply states he thinks he was. He does not state that he was, or that he has any positive recollection on the subject. For aught that appears, these witnesses may refer to another and different time from that testified to by Williams. Now, what they swear to may be strictly true, and yet not contradict the witness Williams. The newly discovered evidence on such a motion must be clear, explicit, and, if cumulative, conclusive in its character, to require the court to grant a new trial. This newly discovered evidence is not of that clear and satisfactory character, and the court below did right in overruling the motion.

It is again insisted that the court below, without any evi-

40—84TH ILL.

dence before it, ordered plaintiff in error to be imprisoned in the common jail of Shelby county. The statute requires prisoners to be confined in the county in which the offense is committed and they are tried, unless there is no jail in that county, or where it is insecure or not in suitable condition, when it requires the prisoner to be confined in the jail of the nearest county in which there is a sufficient jail. The order should have been to commit the defendant to the county jail, and if there had been no jail, or an insufficient one, in Moultrie county, then the sheriff would, under the statute, have been required to commit the defendant in the nearest jail in another county where the objection did not exist. It is not for the court to designate any particular jail in which a prisoner shall be confined, but simply to order him to be committed to the county jail.

In the case of *Mullinix* v. *The People*, 76 Ill. 211, an order of the same court, similar to this, was held to be erroneous, nor has that decision since been overruled or modified, and it must govern this.

The judgment of the court below must be reversed and the cause remanded; but, as in the case of *Creed* v. *The People*, 81 Ill. 565, as well as others, the court below is instructed to enter a proper judgment on the verdict, but the people will not be permitted to recover costs in this court.

*Judgment reversed.*