UNITED STATES v. GREENWALD et al.

(District Court, N. D. California. November 8, 1894.)

No. 3,010.

1. FEDERAL COURTS—POWERS—REMOVAL OF PRISONER FROM PENITENTIARY TO COUNTY JAIL.

Rev. St. §§ 5541, 5542, provide that, where a person convicted of an offense against the United States is sentenced to imprisonment for more than one year, the court which sentenced him may order the sentence executed in any state jail or penitentiary in the district or state, the use of which is allowed for that purpose by the state legislature, and that, where any such person is sentenced to imprisonment and confinement to hard

labor, the court may order the sentence executed in any state jail or penitentiary in the district or state, etc. *Held,* that such court has no power, after the expiration of the term in which such sentence is imposed, to order the removal of the prisoner from a state prison to a county jail.

2. SAME—POWER OF ATTORNEY GENERAL.

Rev. St. § 5546, provides that the place of imprisonment may be changed in any case when, "in the opinion of the attorney general," it is necessary to the prisoner's health, or when, "in his opinion," the place of confinement is not secure, or the treatment is cruel, or improper, etc. *Held,* that the power of removal in such cases is in the hands of the attorney general, and not in the courts.

In re application for the removal of the prisoner, Louis Greenwald, from the state penitentiary at San Quentin, Cal., to a county jail. Application denied.

Thos. D. Riordan, for the motion.

Chas. A. Garter, U. S. Atty.

MORROW, District Judge. This is an application filed October 16, 1894, for the removal of Louis Greenwald from the state prison at San Quentin, Marin county, Cal., to a county jail. Greenwald was sentenced by this court on June 5, 1894, to imprisonment for the term of six years, for the offense of conspiring with E. W. McLean, George Wichman, George N. Thomas, John H. Voss, Fred Miller, A. Svenson, Harry Mensig, Charles Josselyn, and others, to commit the crime of smuggling opium into the United States, which sentence was to be executed in the state penitentiary at San Quentin, Cal. This sentence the prisoner is now serving. It was imposed in the February term of this court, which expired July 1, 1894. The application is made by the wife of the prisoner, and is based upon representations as to his precarious health, it being alleged that the prisoner is suffering from a chronic asthmatic affection, which is aggravated by his close confinement and the prison discipline to such an extent that, it is averred, he may not live to serve out his full term. The allegations of the petition are supported by the certificates of three physicians, one of them being the resident physician at the state prison. It is claimed, therefore, that the prisoner is being subjected to cruel and unusual punishment. The certificate of N. R. Harris, United States secret service agent, is also produced, certifying that since his imprisonment the prisoner has given important information to the government, which has very materially assisted the efforts of the treasury department in detecting counterfeiters, and persons feloniously imitating the coinage, and making and uttering of false coins. By section 5541, Rev. St. U. S., it is provided that, in every case where any person convicted of any offense against the United States is sentenced to imprisonment for a period longer than one year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the legislature of the state for that purpose. Section 5542 provides that, in every case where any criminal convicted of any offense against the United States is sentenced

to imprisonment and confinement to hard labor, it shall be lawful for the court to order the same to be executed in any state jail or penitentiary within the district or state where such court is held, etc.    I do not entertain any doubt that under these sections I could order the prisoner's removal from the state prison at San Quentin to the state prison at Folsom, which, by the act of April 15, 1880 (St. Cal. 1880, p. 67), was made a state penitentiary of equal degree and grade to that at San Quentin, and where the prison discipline would be the same.    But I do not think that it is within my power, after the expiration of the term of court in which the sentence was imposed, to order the removal of the prisoner to a county jail,—a place of incarceration for the punishment of minor offenses, and the custody of transient prisoners, where the ignominy of confinement is devoid of the "infamous character" which an imprisonment in a state jail or penitentiary carries with it, and which is regarded as a part of the punishment.    The discipline in a county jail in this state is not the same as enforced in either of the state prisons, and such a change of imprisonment would virtually result in lessening the prisoner's punishment, and involve the exercise of authority vested exclusively in the executive department.    Ex parte Wells, 18 How. 314.

Section 5546 is also cited in favor of the granting of the application.    All that can be said about its provisions is that, if it be applicable to the present facts, the power of changing the place of imprisonment is specifically vested in the attorney general. That part of the section which is material to the petition for removal reads as follows:

"And the place of imprisonment may be changed in any case, when, in the opinion of the attorney general, it is necessary for the preservation of the health of the prisoner, or when, in his opinion, the place of confinement is not sufficient to secure the custody of the prisoner, or because of cruel or improper treatment: provided, however, that no change shall be made in the case of any prisoner on the ground of the unhealthiness of the prisoner, or because of his treatment, after his conviction and during his term of imprisonment, unless such change shall be applied for by such prisoner, or some one in his behalf."

I think that the power of removal, in a case such as this, is to be found, if at all, in the hands of the attorney general of the United States.    The application must therefore be denied.