[No. 2257, July 24, 1918.]

## PARKS et al. v. HUGHES, Superintendent of State Penitentiary.

### SYLLABUS BY THE COURT.

Where the statute provides that the county jail shall be used for the retention of every person, who within the same county shall be charged with crime, and a party has been convicted of a crime and sentenced to the state penitentiary, and the statute provides that an appeal shall operate to stay execution, and such party has appealed, the judge of the district court has no power to order such party com-

mitted to the state penitentiary for safe-keeping pending the determination of such appeal, in the absence of a statute so authorizing. The statute (section 3049, Code 1915) authorizes the sheriff to remove prisoners in the county jail to some other jail, or other safe place, in his discretion. The power of removal is in the hands of the sheriff, at his discretion, and not in the district court.

Application for writ of habeas corpus by John Parks and Charlie Parks against Thomas Hughes, superintendent of New Mexico State Penitentiary. Application granted, with directions.

K. K. SCOTT and H. D. TERRELL, both of Silver City, for petitioners.

C. A. HATCH, Assistant Attorney General, for respondent.

OPINION OF THE COURT.

ROBERTS, J.  Petitioners were convicted in the district court of Grant county of murder in the second degree, and were sentenced to imprisonment in the state penitentiary for a term of not less than 90 years nor more than 99 years. From the judgment they appealed to this court. After the appeal had been granted the district judge of Grant county entered an order, reciting that the county jail of Grant county "is not a safe place in which to detain the said defendants during the pendency of their appeal heretofore allowed to the Supreme Court," and ordering the defendants (petitioners herein) to be committed to the state penitentiary at Santa Fe, N. M., for safe-keeping during the pendency of said appeal. Pursuant to the order the sheriff of Grant county delivered the petitioners to the warden of the state penitentiary, and they have since been confined therein. This application for a writ of

habeas corpus is filed for the purpose of securing the release of petitioners from such state penitentiary and their remand to the sheriff of Grant county. The petition sets forth the facts. The warden filed a return, setting forth the order of the court referred to, and alleged that he was holding said petitioners solely by virtue of such order.

The single question for determination, therefore, is the power of the district court to commit prisoners awaiting trial, or pending an appeal, to the state penitentiary for safekeeping. That there is no statutory authority for so doing is conceded by the Attorney General. Section 3033, Code 1915, provides:

"The common jail shall be under the control of the respective sheriffs of each county, and the same shall be used as prisons in the respective counties."

Section 3034 reads:

"The jail in each county shall be used for the retention of every person or persons who, within the same county, shall be charged with any crime, or properly committed for trial, or for the imprisonment of every person or persons who in conformity with sentence, upon conviction of an offense may have been sentenced, and for the safe-keeping of every person who shall be committed by competent authority, according to law."

Section 3049 provides:

"All prsons charged with crime committed in the state of New Mexico, while awaiting indictment or trial on such charge, shall be incarcerated in the county jail of the county wherein such crime is alleged to have been committed, except that such persons may be temporarily imprisoned in other places of confinement while being conveyed or awaiting conveyance to the jail of the proper county: Provided, that the sheriff of any county, having the custody of anyone charged with the commission of crime shall be authorized to remove such person to another county jail, or any other place of safety, when in the opinion of such sheriff the life of such person is in imminent danger. * * *"

Section 47, c. 43, Laws 1917, authorized appeals in criminal cases from the district to the Supreme Court. Section 58 of the same chapter provides:

"All appeals in criminal cases shall have the effect of a stay of execution of the sentence of the court until the decision of the Supreme Court upon said appeal."

While section 49 reads as follows:

"If the defendant, in the judgment so ordered to be stayed, shall be in custody, it shall be the duty of the sheriff to keep the defendant in custody without executing the sentence which may have been passed, to abide such judgment as may be rendered upon appeal."

It will thus be seen that the legislature has provided that the jail in each county shall be used for the retention of persons charged with crime; that the sheriff alone is authorized to remove such a person from the county jail and confine him in some other county jail, or other place of safety; that an appeal operates to stay execution of the sentence in a criminal case, and that pending the determination of the appeal it is made the duty of the sheriff to keep the defendant in custody. It thus appears that in the state the statute fixes the place of commitment, and the sheriff alone is authorized to transfer the prisoner to another place, under certain contingencies.

In Bishop's New Criminal Procedure, § 1338, the author says:

"In England, all prisons are the Queen's, so the court of Queen's Bench may commit to any one. With us, this question is commonly determined by statute, and a commitment to a place not thereby authorized is unlawful and void."

In the case of Weed v. People, 31 N. Y. 465, it was urged that the sentence was void because it did not name the prison in which the defendant should be confined. The statute provided the prison in which the sentence should be served. The court said:

Parks v. Hughes, 24 N. M. 421.

"There is nothin in the statute requiring the particular prison which the law designates, as the one in which the convict is to be confined, to be mentioned in the sentence. The court would have no power to designate another or different prison than that prescribed by the Legislature, and it would be an idle ceremony to repeat, in the sentence, what the law had irrevocably fixed."

The court would have no more power to change the place of confinement of a prisoner awaiting trial than he would have to disregard the mandate of the legislature as to where the prisoner should be confined while serving his sentence. If he has not the power in one case to disregard the provisions of the statute, clearly he would not in the other. Here the legislature has said where the person awaiting trial shall be confined, and it has seen proper only to invest the sheriff with the right to change the place of confinement. In the instant case the sheriff did not remove the prisoners to the penitentiary, in compliance with the statute, but refused to do so, and by his affidavit filed in this court in this case states that he refused to so do until ordered and directed by the court, because he believed the county jail of Grant county to be a safe place in which to securely keep the petitioners.

In the case of United States v. Greenwald (D. C.) 64 Fed. 6, application was made to the district court to remove Louis Greenwald from the prison at San Quinten, Cal., to a county jail. Greenwald was serving a term of 6 years in such prison. The application was filed by his sister, and it was represented that such removal was necessitated by reason of the state of health of the prisoner and the condition of the prison. The court, after referring to section 5546, R. S. U. S., which provided that the place of imprisonment could be changed, when in the opinion of the Attorney General it was necessary, etc., said:

"I think that the power of removal, in a case such as this, is to be found, if at all, in the hands of the Attorney General of the United States."

In the case of Huber v. Robinson, 23 Ind. 137, the court held that a person convicted of a crime, punishable by imprisonment in a county jail, could not be removed by order of the court, or confined in a jail of another county.

In the case of Keedy v. People, 84 Ill. 569, the court held it was error for the court to render judgment designating the jail of another county as the place of imprisonment of the defendant.

In the case of Dyer v. People, 84 Ill. 624, it was held that it was not for the court to direct the commitment of a prisoner to the jail of another county, although there is no jail in the county where the offense is committed and the trial had, or if there was one it was insufficient; that the order should be to commit to the county jail; then if proper cause existed, the sheriff could commit to the jail of another county.

We are satisfied that the district judge had no power to make the order in question, committing the petitioners to the state penitentiary for safe-keeping. The legislature has prescribed the place of confinement in such cases and has seen proper only to give the sheriff the power to change such place. Having withheld the power from the court to direct that the prisoner might be confined in some other place, the court has not the power to so order.

For this reason petitioners' application will be granted and the warden of the state penitentiary is directed to deliver said petitioners to the sheriff of Grant county, who will hold them in custody pending the determination of the appeal; and it is so ordered.

HANNA, C. J., concurs.