378 P.2d 379

**STATE of New Mexico, Plaintiff,**

v.

**Allen WHITE, Defendant.**

**No. 5986.**

Supreme Court of New Mexico.

Oct. 17, 1962.

Rehearing Denied Jan. 31, 1963.

Earl E. Hartley, Atty. Gen., J. E. Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff.

Charles S. Solomon, Santa Fe, for defendant.

NOBLE, Justice.

The question presented is whether a trial court may reduce its sentence in a criminal case during the term at which it was imposed, but after the sentence has been partially served.

On April 24, 1956, following our opinion in State v. White, 61 N.M. 109, 295 P.2d 1019, affirming the judgment of the trial court on conviction of the defendant Allen White of second degree murder, a commitment was issued by this court. It is now contended that our commitment failed to follow the judgment and sentence of the trial court, and this motion seeks a correction of it.

The facts so far as pertinent to this motion are that Allen White was convicted of second degree murder and on December 8, 1954 was sentenced to serve not less than fifty nor more than eighty years in the state penitentiary. Commitment was issued and the defendant was delivered to the state penitentiary on December 9, 1954. He was granted an appeal to the Supreme Court on December 20, 1954, and on December 29, 1954 the district court modified its judgment and sentence by adding to the judgment the following:

> "* * * said sentence to begin and be effective as of the 27th day of January, 1953, the date of defendant's original incarceration, * * *."

The effect of the modified order in this instance in directing that the sentence be effective at the time of the original incarceration is to shorten the sentence.

The commitment of this court issued April 24, 1956, following affirmance of the judgment on appeal, ordered the defendant to serve the sentence imposed by the district court on December 8, 1954 without regard to the modification by the trial court on December 29, 1954. We are asked to correct our commitment to conform to the amended judgment and sentence unless by reason of (1) the issuance of the commitment by the district court, or (2) the intervening order granting an appeal, that court lost jurisdiction to the extent that its amended judgment and sentence was a nullity.

While the question has not been decided in New Mexico, it has been before the

courts of many jurisdictions and we look to those decisions insofar as they aid us in our determination. It is asserted by the Attorney General that the district court loses jurisdiction of its judgments in a criminal case when commitment has been issued and the defendant has entered upon execution of the sentence originally imposed.

The general rule appears to be that a criminal court may alter its sentence only before commitment of the prisoner and at the same term at which the sentence was imposed. 168 A.L.R. 707. It is implicit of the statement of the rule itself that a trial court retains jurisdiction to reduce its sentence during the term at which sentence was imposed and before issuance of a commitment. If entry of the sentence does not itself exhaust the jurisdiction of the court, then we must examine the reasoning by which the courts of the various jurisdictions have denied the trial court power to reduce the sentence after defendant has partially executed the punishment originally imposed. The annotator of the note, 168 A.L.R. 709, calls attention to the fact that the reasons for the rule are not clearly stated in those cases which deny the trial court the right to change a sentence after the defendant has entered upon its execution.

An examination of the decisions cited discloses that the reasons given are many and varied. Many of those cited in support of the general rule are cases where it was sought to increase the sentence or to vacate and set aside the judgment and sentence entirely. That situation is not here involved; but, courts generally have denied the right to increase penalties as violative of the double jeopardy provision of both the State and Federal Constitutions. 168 A.L.R. 712; In re Jones, 35 Neb. 499, 53 N.W. 468; Powell v. State, 124 Tex.Cr.R. 513, 63 S.W.2d 712. Some courts draw a distinction between altering or modifying a sentence by reducing it and those attempting to disturb the judgment of conviction itself. In re Sargen, 135 Cal.App. 402, 27 P.2d 407. A great many of the decisions actually give no reason for denying the right to so modify the sentence merely stating that the court lost jurisdiction when execution of the sentence was entered upon. Other courts, of which Emerson v. Boyles (1926), 170 Ark. 621, 280 S.W. 1005, 44 A.L.R. 1193 is illustrative, deny the court power to so modify upon the analogy of loss of jurisdiction of the court after an appeal has been taken.

We think the objection to the court's continued jurisdiction after issuance of the commitment by the majority of those courts which deny the trial court the right to decrease a sentence, the execution of which has been entered upon at the same term at which sentence was originally imposed, is grounded principally upon the theory that surrender of custody is to the executive

department and upon a hesitancy to interfere with the power of executive clemency. This is upon the theory of the constitutional separation of powers. It is said, however, that neither ground is logically founded. 44 Har.L.Rev. 967. That theory must necessarily be upon the basis that issuance of the commitment irrevocably places the prisoner in the hands of the executive. This, we think, is not so. We believe permitting reduction of a sentence, or modification of one erroneously imposed so as to conform to the law within the term at which it was imposed, recognizes the practical reasons supporting the principle of United States v. Benz, 282 U.S. 304, 51 S. Ct. 113, 75 L.Ed. 354. The Supreme Court of the United States in that case squarely held that a United States District Court, after sentence of imprisonment in a criminal case, has power during the same term at which it was imposed to modify or amend the sentence by shortening the imprisonment although the defendant has begun to serve the sentence. It was there said:

"We find nothing in the suggestion that the action of the district court in reducing the punishment after the prisoner had served a part of the imprisonment originally imposed was a usurpation of the pardoning power of the executive. The judicial power and the executive power over sentences are readily distinguishable. To render judgment is a judicial function. To carry the judgment into effect is an executive function. To cut short a sentence by an act of clemency is an exercise of executive power which abridges the enforcement of the judgment, but does not alter it qua judgment. To reduce a sentence by amendment alters the terms of the judgment itself and is a judicial act as much as the imposition of the sentence in the first instance."

We think that the decision of the Supreme Court of the United States in the Benz case is directly applicable on principle to the instant case and that it has laid at rest the separation of powers contention. We agree with the Supreme Court of Georgia, when it said in Gobles v. Hays, 194 Ga. 297, 21 S.E.2d 624, that the Benz decision "should serve to explain much of the conflict (of decision) as it existed in the past, if not also to induce greater harmony in the future." For other decisions following the reasoning of the Benz case, see Wallace v. Burke, 158 Pa.Super. 612, 45 A. 2d 871; Czaplinski v. Warden, Maryland Penitentiary, 196 Md. 654, 657, 75 A.2d 766; Madison v. State, 205 Md. 425, 431, 109 A.2d 96; District Attorney for Northern District v. Superior Court, 342 Mass. 119, 172 N.E.2d 245; Williams v. Riffe, 127 W.Va. 573, 578, 34 S.E.2d 21; Commonwealth v. Kazec (Ky.), 252 S.W.2d 20.

See, also, Smith v. Brown, 135 Fla. 830, 185 So. 382; State v. Stevens, 146 N.C. 679, 61 S.E. 629; Conway v. Hughes, 62 S.D. 579, 255 N.W. 800.

■ We hold that the right of a district court to modify its sentence in a criminal case during the term at which sentence was imposed but after issuance of a commitment and even though the prisoner has entered upon execution of the sentence does not violate the separation of powers provision of our constitution nor of the Constitution of the United States.

■ Finally, it is argued that the district court lost jurisdiction to modify its judgment by reason of having granted an appeal to the Supreme Court.

While the precise question presented here has not been passed upon by this court, our own decisions involving the right of a district court to modify judgments in civil cases after the taking of an appeal point to the answer. In State ex rel. Del Curto v. District Court of the Fourth Judicial District, 51 N.M. 297, 183 P.2d 607, it was said:

"The district court lost complete jurisdiction of the Del Curto case when it was appealed to this court."

And in Veale v. Eavenson, 52 N.M. 102, 192 P.2d 312, this court said:

"Upon the entry of the order allowing an appeal and the giving of the supersedeas bond the trial court lost jurisdiction of the case except for the purpose of perfecting the appeal to this court. In contemplation of law it was pending here."

See, also, Abeytia v. Spiegelberg, 20 N.M. 614, 151 P. 696; and Pankey v. Hot Springs National Bank, 42 N.M. 674, 84 P.2d 649. Compare Damon v. Carmean, 44 N.M. 458, 104 P.2d 735.

The rule of Veale was modified in Public Service Co. v. First Judicial District Court, 65 N.M. 185, 334 P.2d 713, to include the right of a district court to pass upon a motion for new trial or modification of the judgment which was pending at the time the appeal was taken. It was there said that for the purpose of passing upon such motion, and to modify the judgment if such motion is sustained, there is a dual jurisdiction vested in both the district court and the Supreme Court. No motion to modify the judgment was pending in the instant case when the appeal was taken.

The facts here are unlike those in Fairchild v. United Service Co., 52 N.M. 289, 197 P.2d 875, where it was held that the district court had authority to vacate its order granting an appeal, for the purpose of permitting the timely filing of a motion directed to the judgment, without prejudice to the right to refile the motion for appeal, provided such motion to vacate the appeal is made within the time such order is under control of the court entering it.

Under our prior decisions, the taking of an appeal from a judgment in a civil case completely divests the district court of jurisdiction except for the purpose of perfecting the appeal to this court and for the purpose of passing upon motions pending when the appeal is taken, or for the timely vacating of an order granting appeal.

The procedure on appeal in criminal cases is governed· by the procedure on appeal in civil cases. Supreme Court Rule 5(3) reads:

"The procedure on appeals and writs of error in criminal cases shall be governed by the procedure on appeals and writs of error in civil cases except as otherwise specified by law or rule of the Supreme Court."

We perceive no difference in the jurisdiction of a district court over its judgments after appeal in criminal and civil cases. Other questions raised or argued have either been determined by what we have said, are unnecessary to be decided, or found to be without merit.

It follows that the petition to correct the mandate and commitment issued by this court should be denied. IT IS SO ORDERED.

COMPTON, C. J., CARMODY, CHAVEZ, and MOISE, JJ., concur.

NOBLE, Justice.

Upon motion for rehearing, petitioner has obtained and filed with the district court an affidavit of the district judge who imposed the sentence in this case and has attached to his motion under the certificate of the clerk of the district court a copy of said affidavit and of a letter dated December 9, 1954 from petitioner to the said district judge marked "filed" by the court which was considered by the court as a motion for modification of the judgment and sentence and treated as having been filed prior to the appeal to the Supreme Court. The new facts brought to our attention for the first time upon motion for rehearing will be considered by us for the reason that this is an original proceeding in this court. The new fact, however, now discloses that a motion for modification of the sentence was pending at the time the appeal was granted.

Even though the effect of the court's modification was to shorten the sentence, in this case it was sought to accomplish this result by specifying a date when the sentence should be effective. The new fact presented upon the motion for rehearing requires our determination whether a date specified by the court on which a criminal sentence shall commence is a valid part of the sentence or judgment.

It is apparent that the district court sought by modification of its prior order to give the defendant the benefit of all the time he had been incarcerated pending a valid judgment and sentence.

It is a general rule that courts are without authority to fix precise dates for the commencement or completion of a sentence of imprisonment. It seems obvious to us that it is improper to fix a date when incarceration shall begin because it would conflict with the right accorded the defendant to suspend the execution of his sentence by supersedeas during review. People ex rel. Crews v. Toman, 367 Ill. 163, 10 N.E.2d 657. That part of a judgment or sentence which shows the sentence to commence at a date prior to the date of the sentence or the fixing of a date when sentence is to commence is surplusage and to be disregarded. State v. Amsden (Mo.), 299 S.W.2d 498. See, also, Iron Bear v. Jones, 149 Neb. 651, 32 N.W.2d 125, and the general rule and collection of cases in the note 69 A.L.R. 1177. Compare Kelly & Little v. State of Mississippi (1844), 3 Smedes & M. (Miss.) 518; and State v. Heidt, 20 N.D. 357, 127 N.W. 72.

It follows that the petition to correct the mandate and commitment issued by this court should be denied.

It is so ordered.

COMPTON, C. J., and CARMODY, CHAVEZ, and MOISE, JJ., concur.