412 P.2d 246

STATE of New Mexico, Plaintiff-Appellee,

v.

Adolpho J. RAMIREZ, Defendant-Appellant.

No. 7931.

Supreme Court of New Mexico.

March 14, 1966.

Frazier, Cusack & Schnedar, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Myles Flint, Asst. Atty. Gen., Santa Fe, for appellee.

CARMODY, Chief Justice.

Following a verdict of guilty based on a charge of armed robbery, the defendant was sentenced to the penitentiary and he now appeals.

The only claim of error is an alleged deprivation of his right to the assistance of counsel. This claim is based upon the following facts: On February 2, 1965, a man, wearing a stocking over his face, robbed a package store in Roswell. That night, in the course of the investigation, the police showed pictures of various persons to the store owner and his wife. After seeing the pictures, a person other than the defendant was tentatively identified. Later, when the individual was brought to police headquarters, the owner and his wife stated that he was not the robber. Two days after the robbery, the owner and his wife again went to the police station, and the defendant was brought into the room and asked to state the same words that the robber had used when the robbery was being committed, which he did. The defendant was then taken out of the room and immediately brought back with a stocking over his head. At that time, the wife of the owner said, "It's him." Then, according to the lady's testimony, the defendant got angry and

said, "What do you mean, lady? You better be sure." Following this, the identification was positively made by both the store owner and his wife. The wife was particularly certain following the exchange above related, because of what she said was the similarity of the manner of speaking of both the robber and the defendant. The defendant was also identified by a bartender. The three witnesses (the owner, the wife, and the bartender) identified the defendant by certain facial disfigurations, the manner in which he held his left arm, the fact that he had a receding hairline like the robber, that his speech was similar, and, finally, by his physical makeup and the manner in which he walked.

The morning after the identification, which occurred on the night of February 4th, the defendant was formally charged with the crime and counsel immediately appointed. At the trial, no objection was made to that portion of the testimony which was based upon the voice identification; the issue is first raised on appeal.

██ As we understand the argument of the defendant, it is that, in some manner, the identification process became a critical stage in the proceedings and the defendant was entitled to counsel. The defendant's contention is based almost entirely upon Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. But, without going into detail, it is obvious that the situation in the instant case is vastly different from that in Escobedo. It is particularly pertinent that here the police were still in the process of investigating the crime and the inquiry did not begin to focus on the defendant as a particular suspect until after the identification was complete. If he had not been identified, it is to be presumed that he would have been released as was the prior suspect. Of course, the record does not disclose that the defendant was advised that he had the right to assistance of counsel; neither does it show to the contrary. Additionally, there is no intimation in the record that the defendant was in any way forced to repeat the words which it was claimed were used by the robber at the time of the crime. In our opinion, the case does not in any sense come within the rule announced in Escobedo. Of utmost importance is the fact that there was no attempt on the part of the police to elicit incriminating statements as a part of an accusatory stage of the proceedings. This of itself serves to distinguish the instant case from two of those relied upon by defendant, State v. Dufour (R.I.1965), 206 A.2d 82, and People v. Stewart, 1965, 62 Cal.2d 571, 43 Cal. Rptr. 201, 400 P.2d 97.

██ Closely connected with the above, the defendant apparently also urges that, even though no objection was made at the trial, he is entitled to a reversal because the witnesses' identification, based partly on the voice of the defendant, was used

against him in violation of his right not to incriminate himself. Defendant relies on State v. Taylor, 1948, 213 S.C. 330, 49 S.E.2d 289, 16 A.L.R.2d 1317. However, that case involved compelled statements by the defendant upon which the identification was made; it is not applicable here where there is no showing in the record that the statements by defendant were anything but voluntary. The sound of a person's voice as an identifying characteristic, if obtained in a manner, as here, which does not violate fundamental fairness and is without compulsion, is admissible and does not conflict with the constitutional privilege against self-incrimination. State v. King, 1965, 44 N.J. 346, 209 A.2d 110; State v. Williams, 1954, 245 Iowa 494, 62 N.W.2d 742.

The defendant has been denied neither the right of assistance of counsel nor the right against self-incrimination as guaranteed him by both the Constitution of New Mexico and the Constitution of the United States.

■ We would note in passing that the defendant, although not making a point thereof, attempts to raise some question as to the substantiality of the evidence against him. We have carefully examined the transcript and deem the evidence presented by the state not only substantial but amply sufficient to justify the jury in finding the defendant guilty beyond a reasonable doubt.

There is one other matter which merits brief mention. The transcript in this case was filed in this court on the 21st of July, 1965, and thereafter, in accordance with the rules, briefs were presented by both parties. However, on October 5th, a few weeks prior to oral argument, the defendant filed what is termed "Waiver of Supersedeas of Sentence." By this pleading, defendant stated that he agreed to serve the time on his sentence pending appeal because he was unable to make appeal bond, contending that, being unable to make the bond set by the trial court, unless he could serve his time while the appeal was pending, it would constitute a violation of his constitutional rights under the due-process and equal-protection clauses of the Fourteenth Amendment of the Constitution of the United States.

■■ There is no provision under our law for a waiver of supersedeas. The statute (§§ 21–2–1 (9) (5) and 41–15–2, N.M.S.A.1953) provides that an appeal shall have the effect of a stay of execution of the sentence and also makes provision for the furnishing of bond on appeal from any criminal sentence of less than life imprisonment. In the instant case, the district court properly set bond, taking into consideration, no doubt, the seriousness of the offense of which the defendant had been convicted, and also that defendant admitted in his testimony that he had been at least three times prior thereto convicted of felonies.

The bond serves as a protection to society that a defendant, pending appeal, will, if the case is affirmed, remain under the control of the court. The defendant, in effect, during the pendency of the appeal, is merely remaining in custody, just as he would if he were unable to make bond prior to trial. Until the final disposition of the case on appeal, the judgment is not in effect. Defendant is, by this effort, attempting to circumvent the provisions of the law as to the time of the commencement of his sentence. Cf. State v. White, 1963, 71 N.M. 342, 378 P.2d 379. The defendant's waiver of supersedeas is denied.

The case will be affirmed. It is so ordered.

CHAVEZ and COMPTON, JJ., concur.