434 P.2d 703

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Adolpho J. RAMIREZ, Defendant-Appellant.**

**No. 69.**

Court of Appeals of New Mexico.

Nov. 17, 1967.

Alan A. Norwood, Roswell, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

SPIESS, Judge, Court of Appeals.

This appeal is from the denial of a motion for post conviction relief under Rule 93 of the Rules of Civil Procedure, § 21–1–1 (93) (N.M.S.A.1953). Appellant Adolpho J. Ramirez was convicted of violating § 40A–16–2, N.M.S.A., 1953 (robbery) and sentenced to a term of not less than ten nor more than fifty years in the New Mexico State Penitentiary.

Three points asserted in the trial court are reasserted here in support of appellant's claim of error in the denial of his motion.

■ It is first contended that the sentence should be set aside on the ground that appellant was illegally arrested in that the arrest was made without a warrant. This point has already been ruled against him in a prior Rule 93 hearing. State v. Ramirez, 78 N.M. 418, 432 P.2d 262 (1967). As stated in the opinion in this prior case and in State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967), illegal arrest alone is not a sufficient basis for a successful attack on a judgment in a Rule 93 proceeding.

■ Appellant next attacks the sentence upon the ground that prior to trial his constitutional privilege against self-incrimination was violated. It appears that following arrest appellant was brought before two prosecuting witnesses for the purpose of identification. He was directed to talk for voice identification and to wear a mask of the kind claimed to have been worn by the robber and to walk for the purpose of supplying additional identifying characteristics. Appellant was not called upon nor did he testify against himself or provide the state with any evidence of a testimonial nature. This point has also been decided against appellant in State v. Ramirez, 76 N.M. 72, 412 P.2d 246 (1966). However, we add the following to show how untenable is his contention that his constitu-

tional rights have been infringed.

■ It seems to be well settled that the scope of the privilege against self-incrimination is limited to disclosures which are testimonial in nature. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); State v. Hudman, 78 N.M. 370, 431 P.2d 748 (1967).

*Wade* involved a bank robbery. An F.B.I. agent arranged to have two bank employees observe a lineup made up of Wade and several other prisoners. Each person in the line wore strips of tape as allegedly worn by the robber and upon direction each uttered words used by the robber. The Supreme Court said:

"Neither the lineup itself nor anything shown by this record that Wade was required to do in the lineup violated his privilege against self-incrimination. We have only recently reaffirmed that the privilege 'protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature * * *.' Schmerber v. State of California, 384 U.S. 757, 761, 86 S.Ct. 1826, 1830, 16 L.Ed.2d 908."

Appellant finally asserts that the sentence imposed upon him should be set aside for the cumulative reason, as he claims, that his arrest was illegal and his constitutional privilege against self-incrimination was violated. Since we have held against appellant on both contentions we conclude that his final contention is totally lacking in merit.

State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966), cited by appellant, in our opinion is not controlling here. The order denying the motion is affirmed.

It is so ordered.

HENSLEY, C. J., and OMAN, J., concur.