**312**

523 P.2d 810

STATE of New Mexico ex rel. Mrs. Harry BELL et al., Plaintiffs-Appellees,

v.

No. 9789.

HANSEN LUMBER COMPANY, INC., a New Mexico corporation, Defend-ant-Appellant.

Supreme Court of New Mexico.

June 21, 1974.

White, Koch, Kelly & McCarthy, S. S. Koch, Santa Fe, for defendant-appellant.

Jones, Gallegos, Snead & Wertheim, J. E. Gallegos, Byron L. Treaster, Santa Fe, for plaintiffs-appellees.

OPINION

MARTINEZ, Justice.

Mrs. Harry Bell, et al., plaintiffs (appellees), brought an action on March 11, 1971 in the District Court of Santa Fe County seeking an injunction against Hansen Lumber Company, Inc., defendant (appellant), against use of certain land for a sawmill and lumber yard. In October 1971, a trial on the merits was held before the Honorable Lyle Teutsch, Jr., who on March 1, 1972 rendered a decision favorable to appellant. On March 10, 1972, appellees filed an appeal.

On July 28, 1972, appellees filed a motion to set aside the March 1, 1972 decision pursuant to Rule 60(b), New Mexico Rules of Civil Procedure, § 21–1–1(60)(b), N.M. S.A.1953 (Repl. Vol. 4, 1970). Appellees claimed that since the trial in October 1971, appellant has used the property as a junk yard and dump and that this was newly discovered evidence which was not available and could not have been produced in time to move for a new trial under Rule

59, New Mexico Rules of Civil Procedure, § 21–1–1(59), N.M.S.A.1953 (Repl. Vol. 4, 1970), and that appellant had perpetrated a fraud upon the district court concerning the usage of the property.

On March 21, 1973, the Honorable Thomas Donnelly issued an order nunc pro tunc as of March 7, 1973 which set aside the decision of March 1, 1972, and granted a new trial. It is from this order that appellant makes its appeal.

Appellant has raised two points on appeal, the first and dispositive point being that appellees' appeal from the final judgment and the various extensions of time to docket such appeal deprived the district court of jurisdiction to consider appellees' motion to set aside the judgment.

We agree.

■ The rule in New Mexico is that when an appeal is made from the district court, such court is divested of jurisdiction except for the purpose of perfecting the appeal, passing upon motions pending when the appeal was taken, and for timely vacating of an order granting appeal. State v. White, 71 N.M. 342, 378 P.2d 379 (1962); Hardin v. State Tax Commission, 78 N.M. 477, 432 P.2d 833 (1967); National American Life Insurance Co. v. Baxter, 73 N.M. 94, 385 P.2d 956 (1963). 7 Moore, Federal Practice 60.30[2], 419, 420 (2nd ed. 1974) states a similar position:

> " * * *. Hence during the pendency of an appeal it is generally held that the district court is without power to grant relief under Rule 59; or to vacate, alter or amend the judgment under Rule 60(b), whether the 60(b) motion is made prior to or after the appeal is taken, except with permission of the appellate court."

■ Since the trial court is powerless to grant relief under Rule 60(b), supra, during the pendency of an appeal, a party seeking such relief must file a motion in the appropriate appellate court requesting that the case be remanded to the trial court for consideration of the Rule 60(b) motion. A case will be remanded only where the showing reasonably indicates that, if leave is given, the trial court might properly grant the Rule 60(b) motion. Zig Zag Spring Co. v. Comfort Spring Corp. et al., 200 F.2d 901 (3rd Cir. 1953); Baruch v. Beech Aircraft Corporation, 172 F.2d 445 (10th Cir. 1949), cert. denied 338 U.S. 900, 70 S.Ct. 251, 94 L.Ed. 554 (1949); 7 Moore, Federal Practice 60.30[2], 423 (2nd ed. 1974).

■ Also, provision should be made by the appellate court in its remand order that a denial of the relief sought will not necessitate the perfection of a new appeal. Creamette Company v. Merlino, 289 F.2d 569 (9th Cir. 1961); Greear v. Greear, 288 F.2d 466 (9th Cir. 1961); 7 Moore, Federal Practice 60.30[2], 423 (2nd ed. 1974).

■ In the instant case, the exceptions enumerated in State v. White, supra, which would empower the district court to handle certain matters during the pendency of the appeal, do not allow the district court to grant a new trial pursuant to Rule 60(b), supra. Since appellees have not filed a motion in this court for a remand of the case in order that the district court may grant the Rule 60(b) motion, the district court is without jurisdiction to entertain the motion.

Therefore, we direct the district court to vacate its order granting a new trial and vacating the prior decision.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.