2003-NMCA-059

66 P.3d 344

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Ignacio RIVERA, Defendant–Appellant.**

**No. 22,453.**

Court of Appeals of New Mexico.

Feb. 13, 2003.

Certiorari Granted, No. 27,952,
April 1, 2003.

Patricia A. Madrid, Attorney General, Santa Fe, NM, Joel Jacobsen, Assistant Attorney General, Albuquerque, NM, for Appellee.

John B. Bigelow, Chief Public Defender, Will O'Connell, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

*OPINION*

KENNEDY, Judge.

{1} Ignacio Rivera (Defendant) appeals the revocation of his probation by the district court. His sole argument on appeal is that while the appeal of his conviction was pending in this Court, the district court had no jurisdiction to revoke his probation. We reverse the revocation of Defendant's probation holding that the judgment is not in effect during the pendency of Defendant's appeal. *State v. Ramirez,* 76 N.M. 72, 76, 412 P.2d 246, 249 (1966). We further clarify our ruling in *State v. Cordova,* 100 N.M. 643, 647–48, 674 P.2d 533, 537–38 (Ct.App.1983), which held that an appeal of a criminal conviction stays the execution of the sentence imposed, including the operation of conditions of probation. In this case the revocation proceedings were initiated after Defendant's conviction was on appeal and the execution of the sentence stayed. In the absence of an appeal bond and conditions of release, the district court was left in this case with no coercive power over Defendant's actions pending the resolution of his appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

{2} Defendant was convicted by a jury of a number of crimes. The court entered a judgment and sentence on August 15, 2000, sentencing Defendant to six years in prison less one day. It then suspended the sentence and placed him on probation for five years.

{3} Following sentencing, on September 6, 2000, the district court released and exonerated the property bond that had been posted on Defendant's behalf. Defendant filed a notice to appeal his conviction on September 13, 2000. No appeal bond was set by the court at this or any time. Defendant was

arrested September 30, 2000, while the appeal was pending, for numerous criminal charges arising from a *DWI* investigation.

{4} On October 3, 2000, after Defendant's arrest and more than two weeks after the appeal was filed, the district court filed an order of probation submitted by the Department of Corrections which was overseeing Defendant's probation. Among numerous conditions in the order was one forbidding Defendant to consume alcoholic beverages, and another specifying that Defendant was not to violate any of the laws or ordinances of the State of New Mexico.

{5} On December 19, 2000, the State petitioned the district court to revoke Defendant's probation based on his violation of the two conditions of probation specifically from the October order mentioned above. The court on December 20, 2000, issued a bench warrant for Defendant's arrest that carried a $25,000 bond. Defendant was arrested on January 3, 2001, and arraigned on January 8, 2001. He denied violating his probation. There is nothing in the record indicating that the bond was posted or that Defendant was ever released until he was sentenced on the probation violation.

{6} At a hearing on March 5, 2001, Defendant admitted to violating his probation. The court accepted the admission and announced that it would schedule a sentencing hearing at a later date. On March 29, 2001, this Court issued a mandate to the district court, attaching a copy of its memorandum opinion affirming Defendant's conviction.

{7} On April 18, 2001, Defendant moved to dismiss the State's petition to revoke his probation on the grounds that the district court had no jurisdiction to hear the petition while the appeal of his conviction was pending in this Court. The State filed a written response requesting that the district court deny Defendant's motion. On June 4, 2001, the district court held a hearing on the motion to dismiss and subsequently denied the motion. Based on Defendant's admission at the March 5, 2001, hearing, the district court revoked Defendant's probation on June 26, 2001, and reinstated him to probation with additional requirements of intensive probation. Defendant appeals the denial of his

motion to dismiss and the subsequent revocation of his probation.

## DISCUSSION

{8} Defendant raises only one issue on appeal—that the district court had no jurisdiction to act upon the State's petition to revoke his probation while his conviction was on appeal. Whether the district court has jurisdiction over the subject matter of a case is a question of law that we review de novo. *Ottino v. Ottino,* 2001–NMCA–012, ¶ 6, 130 N.M. 168, 21 P.3d 37; *see also State v. Carrasco,* 1997–NMCA–123, ¶ 6, 124 N.M. 320, 950 P.2d 293 (applying de novo review to question of district court's jurisdiction to enter an unsatisfactory discharge from probation after appeal filed).

## Section 31–11–1(A) Stays the Execution of a Sentence While the Underlying Conviction is on Appeal

{9} Defendant correctly asserts that because an appeal of his sentence was pending in this Court, the district court, under NMSA 1978, § 31–11–1(A) (1988), was divested of jurisdiction to hold a hearing on the State's petition to revoke his probation or to accept his admission that he had violated the terms of his probation. Jurisdiction over the subject matter of a case is an issue that can be raised at any time by a criminal defendant. *State v. Begay,* 105 N.M. 498, 499, 734 P.2d 278, 279 (Ct.App.1987). We must dismiss the district court's order of revocation if it had no jurisdiction to issue such an order. *See N.M. Dep't of Health v. Compton,* 2000–NMCA–078, ¶ 12, 129 N.M. 474, 10 P.3d 153 ("If the statutory requirement is jurisdictional, outright dismissal is the proper remedy because the court is effectively divested of jurisdiction. If, however, the statutory requirement is mandatory but not jurisdictional, the proper analysis for dismissal is whether … Respondent [was prejudiced.]" (citation omitted)).

{10} Our courts have long held that the district court is divested of jurisdiction during the pendency of an appeal "except for purpose of perfecting appeal and passing on pending motions." *Carrasco,* 1997–NMCA–123, ¶ 6, 124 N.M. 320, 950 P.2d 293 (citing

*State ex rel. Bell v. Hansen Lumber Co.,* 86 N.M. 312, 313, 523 P.2d 810, 811 (1974)) (holding that the district court had no jurisdiction to hear defendant's motion to modify a restitution order and the terms of her probation while the appeal of the underlying conviction was pending); *State v. Garcia,* 99 N.M. 466, 470, 659 P.2d 918, 922 (1983) (holding that the district court is without jurisdiction to enter a judgment and sentence during the pendency of an interlocutory appeal); *State v. White,* 71 N.M. 342, 346, 378 P.2d 379, 382 (1962) (holding that the trial court has no jurisdiction to modify a criminal sentence while an appeal is pending).

■ {11} This jurisdictional rule is grounded not only in our case law and court rules, but also in statute. Section 31–11–1(A) states that "[a]ll appeals and writs of error in criminal cases have the effect of a stay of execution of the sentence of the district court until the decision of the supreme court or court of appeals." It appears that our courts have interpreted the purpose of Section 31–11–1(A) to be that of protecting a defendant who is appealing a conviction from a potentially undeserved sentence. Our courts have interpreted the language of this statute literally: "Until the final disposition of the case on appeal, the judgment is not in effect." *State v. Ramirez,* 76 N.M. 72, 76, 412 P.2d 246, 249 (1966).[1] Once an appeal is filed, the district court is divested of jurisdiction to impose, modify or enforce a sentence.

{12} In an early case, our Supreme Court held that under Section 31–11–1(A), a convicted felon could not be sent to the penitentiary, but rather was to remain in the county jail pending appeal. *Parks v. Hughes,* 24 N.M. 421, 424, 174 P. 425, 425 (1918). More recently, in *State v. Cordova,* 100 N.M. 643, 674 P.2d 533 (Ct.App.1983), this Court concluded that during the pendency of the appeal, the defendant was under no obligation, except perhaps a moral obligation, to comply with a condition of probation requiring him to pay restitution. *Id.* at 648, 674 P.2d at 538. Similarly, in this case, the operation of

the conditions of probation was stayed with the stay of execution of the sentence.

{13} In cases such as *State v. Padilla,* 106 N.M. 420, 744 P.2d 548 (Ct.App.1987), and *Carrasco,* the nature of the probation imposed following conviction, and not the underlying conviction itself was at issue. Padilla was serving his sentence and appealed from the revocation of probation he had not yet begun. *Id.* at 421, 744 P.2d at 549. While the district court could modify his sentence at any time after "entry of judgment and prior to the expiration of the sentence," *Padilla* does not address our situation where the judgment itself is on appeal. *Id.* at 422, 744 P.2d at 550. Again, where the judgment is on appeal, *Cordova* is clear that the only obligation to conditions of probation is "moral," not legal. *Cordova,* 100 N.M. at 648, 674 P.2d at 538.

{14} The State's reliance on Subsections 31–11–1(B), (C), and (D) shows no mastery of the facts: the district court in this case made no findings concerning release pending appeal as these subsections require it to do. (We note that the State does not rely on Subsection E for any proposition and we do not address it in this appeal.) Subsections (B), (C), and (D) do not affect the stay itself, but only delineate conditions of release pending appeal if a bond is set. *See* § 31–11–1(B), (C), and (D). The court must focus its attempts to force behavioral norms outside the context of Defendant's sentence once appealed. *Ramirez* makes it plain that the court's coercive power over defendants derives from two separate sources: the appeal bond and attendant conditions of release. *See Ramirez,* 76 N.M. at 75, 412 P.2d at 249 ("The statute … provides that an appeal shall have the effect of a stay of execution of the sentence and also makes provision for the furnishing of bond on appeal. … The bond serves as a protection to society that a defendant … will, if the case is affirmed, remain under the control of the court."). If an appealed conviction is overturned, the sentence

---

1. Ramirez had asked to waive a supersedeas bond because he was unable to post the appeal bond required by the court. *Ramirez* was decided before the enactment of NMSA 1978, § 31–20–11 (1977) and the defendant's intention was to get credit against the sentence while he was incarcerated pending appeal. Because the judgment and sentence was stayed, and an appeal bond had been posted, the Supreme Court ruled this ploy could not be allowed.

then becomes a moot point. Here, no appeal bond was set at all.

{15} For purposes of staying the judgment of conviction and the sentence that springs from it in this case, we hold that the execution of Defendant's sentence began with his admission to probation. When Defendant appealed, execution of the sentence ceased. After his appeal was denied, the district court's jurisdiction resumed when it acted upon the mandate of this Court affirming the conviction. In the time between, *Ramirez* and *Cordova* are clear: The court could not enforce its sentence, and Defendant owed no legal obligation to the court to abide by the terms of his sentence.

{16} The State asserts here that the district court had jurisdiction to hold a hearing on Defendant's probation violation because it was unrelated to the issues on appeal. We do not agree with this assertion. It is irrelevant that the probation violation was not an issue on appeal. Once Defendant filed the appeal of his underlying conviction, the district court's judgment and sentence were no longer in effect, and thus the district court could not enforce any condition of probation it imposed in the sentence.

{17} With the stay of execution of the sentence provided by statute, we conclude that Defendant "was under no legal duty except moral, perhaps," to abide by his conditions of probation while his appeal was pending. *Cordova*, 100 N.M. at 648, 674 P.2d at 538; *accord Ramirez*, 76 N.M. at 76, 412 P.2d at 249. The judgment of conviction is stayed by the appeal.

## Courts Have Other Ways of Controlling Defendants' Behavior While Cases Are on Appeal

{18} A defendant who appeals a sentence is not given complete freedom from the court where he or she was convicted. The district court still has limited jurisdiction over a convicted defendant, which it may exercise. Section 31–11–1(C) denies an appeal bond unless and until the court has a hearing and makes specific findings. Therefore, Rule 5–402(C) NMRA 2003 allows the district court to establish conditions of release pending appeal or a motion for a new trial. Rule 5–402(D) further provides that "[t]he taking of an appeal does not deprive the district court of jurisdiction under Rule 5–403 [governing conditions of release], and the state may file a motion in the district court for revocation of bail or modification of conditions of release on appeal." Under this rule, with the judgment stayed, Defendant would not earn good time against his sentence as he might under NMSA 1978, § 31–21–15(B) (1989). This is a choice a defendant must make when appealing, and is no cause for pause in our decision here.

{19} Under the Rules of Appellate Procedure, a district court is assumed to have jurisdiction to rule on motions for release pending appeal. *See* Rule 12–205(B) NMRA 2003 ("A motion by either party for modification of the conditions of release [pending appeal] shall first be made to the district court and may be decided without the presence of the defendant. If the district court has refused release pending appeal or has imposed conditions of release pending appeal which the defendant cannot meet, a motion for modification of the conditions may be made to the court of appeals."); *see, e.g.,* Rule 9–302 NMRA 2003; Rule 9–303 NMRA 2003. The sole purpose of bond is to assure the appearance of the defendant for subsequent proceedings. NMSA 1978, § 31–3–2 (1993); *State v. Cotton Belt Ins. Co.*, 97 N.M. 152, 154, 637 P.2d 834, 836 (1981).

{20} Conditions of release are separate, coercive powers of a court, apart from the bond itself. They are enforceable by immediate arrest, revocation, or modification if violated. Such conditions of release are intended to protect the public and keep the defendant in line. *See* Rule 5–401(C) NMRA 2003. In this case, however, the district court had already released the bond posted pending trial in its case, and did not order any new appeal bond or conditions of release pending appeal. Violation of conditions of release is not an issue in this appeal. The State is correct in asserting that, absent power over the sentence, the only coercive authority the district court possessed over Defendant while the appeal was pending would come from Rule 5–402(C). Had the

court ordered an appeal bond and imposed conditions of release pursuant to that bond, it would have had jurisdiction to revoke the bond or modify the conditions of release when Defendant misbehaved. In this case, the State has no such facts and hence, no such argument.

## CONCLUSION

{21} For the foregoing reasons, we reverse the district court's denial of Defendant's motion to dismiss and remand this matter with instructions to vacate the judgment and sentence resulting from the probation violation proceeding.

{22} **IT IS SO ORDERED.**

I CONCUR: IRA ROBINSON, Judge.

CELIA FOY CASTILLO, Judge (dissenting).

CASTILLO, Judge (dissenting).

{23} I respectfully dissent. In this case, the district court sentenced Defendant to six years in prison less one day and then suspended the sentence, placing Defendant on probation for five years. After his bond was released, Defendant filed his appeal. Defendant filed no motion to establish conditions of release pending appeal as allowed by Rule 12–205(B). The majority holds that the district court lost jurisdiction to revoke Defendant's probation because Defendant's case was on appeal. I disagree and would affirm based in part on our Supreme Court's observation in *Kelly Inn v. Kapnison*, 113 N.M. 231, 241, 824 P.2d 1033, 1043 (1992) that:

> [T]he rule that an appeal 'completely divests' the trial court of jurisdiction over 'the case' or 'the litigation' has, through frequent repetition, taken on the character of an inflexible law of nature rather than a pragmatic guideline enabling trial courts to determine when to proceed further with some part of a case and when to refrain because issues already resolved are under consideration by an appellate court.

The law and facts in this case justify a more flexible pragmatic approach.

{24} Section 31–21–5 defines probation as a procedure under which a convicted adult defendant "is released by the court without imprisonment under a suspended ... sentence and subject to conditions." NMSA 1978, § 31–21–5 (1991). Section 31–21–5 further clarifies the district court's authority regarding the imposition of probation and limits the total period of time probation can be imposed. Section 31–21–15 relates to probation violators and clearly gives the district court the power to take action once an alleged violation of probation has occurred. NMSA 1978, § 31–21–15 (1989). There is no language in this statute that eliminates the district court's jurisdiction to handle probation violations of convicted defendants who appeal their convictions.

{25} Section 31–11–1 deals with the effect of an appeal on a sentence. NMSA 1978, § 31–11–1 (1988). Subsection (A) states that all appeals have the effect of a stay of execution of the sentence of a district court until the decision of the appellate court to which the appeal was made. Those defendants who appeal but who cannot be released during the pendency of their appeal are detained until their appeal is finally decided. Subsections (B), (C), and (D) limit a defendant's right to release pending appeal. Subsection (E) limits a defendant's right to release based on parole or probation violations. Once a defendant is sentenced and his or her case is on appeal, the district court continues to have jurisdiction to make decisions regarding release as per Subsections (B), (C), and (D). Similarly, I find nothing that would affect the district court's continuing jurisdiction to make decisions regarding probation revocation, especially since Subsection (E) specifically relates to release while awaiting the district court's order regarding a motion to revoke the probation.

{26} In this case, Defendant's sentence was suspended and he was placed on probation. As long as he observed the conditions of probation, he was to spend no time in jail. Under the majority's holding, it appears that convicted defendants who are placed on probation and who file an appeal of their case but do not file a motion to establish conditions of release under Section 12–2–5(B), would have to be detained awaiting disposi-

tion of appeal. This result makes little sense.

{27} The majority relies on *Carrasco* for the proposition that the district court is divested of jurisdiction during the pendency of an appeal "except for purpose of perfecting appeal and passing on pending motions." 1997–NMCA–123, ¶ 6, 124 N.M. 320, 950 P.2d 293. In *Carrasco*, defendant appealed the restitution portion of the probation order itself. The district court then issued a certificate of unsatisfactory discharge of probation without giving the defendant a hearing. We determined that the district court had no jurisdiction to make decisions on the probation order. *Id.* In that case, however, the probation order was the very order that was on appeal. In the instant case, Defendant did not appeal the probation order, but rather his conviction. While I agree that the district court has no jurisdiction on issues relating to the conviction itself, decisions regarding probation violations are different.

{28} The majority also cites to *Ramirez*, 76 N.M. 72, 412 P.2d 246, a 1966 Supreme Court case, to support its argument that the statutory stay of an execution of the sentence during appeal means that the district court is without jurisdiction over the conditions of probation. In *Ramirez*, defendant was in jail pending appeal of his armed robbery conviction. He wanted to waive the stay of execution of his sentence. He was unable to make appeal bond and argued that unless the time spent in jail during appeal was counted towards his sentence, his constitutional due process and equal protection rights would be violated. *Id.* at 75, 412 P.2d at 249. Our Supreme Court said that the statute providing for stay of execution during appeal contains no provision for a waiver, and it would not allow defendant to circumvent the law regarding commencement of his sentence. *Id.* The Court denied his waiver of supersedeas. *Id.* at 76, 412 P.2d at 250.

{29} To take some language out of *Ramirez*, "the situation in the instant case is vastly different." *Id.* at 74, 412 P.2d at 248 (arguing against applying a criminal procedure rule to the *Ramirez* case). This case does not "come within the rule announced" in *Ramirez*. *Id.* In our case, Defendant is not in jail and is not trying to circumvent the law on commencement of sentence. The policy reasons for applying the rule in *Ramirez* are simply absent in our case.

{30} Since 1966, the legislature has made numerous changes to laws regarding sentencing, credit for time in custody, and release while on bail. *See, e.g.*, NMSA 1978, §§ 31–11–1, 31–21–11 (1982), and 31–21–15. Additionally, the judiciary has amended its rules. *See, e.g.*, Rule 5–402; Rule 5–403; Rule 5–405 NMRA 2003. Now a defendant who remains in official confinement during the pendency of an appeal can receive credit for time served against any sentence finally imposed. Consequently, Ramirez's attempt to get credit against his sentence for his period of incarceration prior to determination of his appeal would be allowed under present statutes.

{31} Defendant in this case chose to begin serving probation knowing that, unlike time on release under Rule 5–402, he would be given credit on his sentence. *See* § 31–21–15(B). He did not file a motion to establish conditions of release and is bound by that decision. We observe that the actions on which the motion to revoke was filed are very probably the same acts that would have been prohibited in the conditions of release. To allow jurisdiction in cases of release but not in cases of probation makes little sense.

{32} The majority also refers to the language in *Cordova*, 100 N.M. 643, 674 P.2d 533 regarding restitution. In *Cordova*, defendant's three-year sentence to prison for aggravated battery was suspended. He was ordered on probation for two years and required to pay restitution. *Id.* at 647, 674 P.2d at 537. Defendant successfully appealed his conviction and was retried before the same judge. The second time around, the judge sentenced him "to three years' imprisonment, with two years of 'mandatory' parole upon his release from incarceration." *Id.* The record showed that the "reason that the trial court changed the sentence was due to defendant's failure to make restitution." *Id.*

{33} The issue that this Court was considering in *Cordova* was "[w]hether the imposition of a harsher penalty following a success-

ful appeal violated defendant's due process rights." *Id.* Holding that the "trial court violated defendant's due process rights when the trial court changed the original sentence based on the facts before this court," this Court "conclude[d] that defendant was under no legal duty except moral, perhaps, to make any restitution during the pendency of his first appeal." *Id.* at 648, 674 P.2d at 538. Citing *Ramirez*, it then reiterated the rule that "all appeals have the effect of a stay of execution." *Id.* Just as in *Ramirez*, the context in which the rule was applied in *Cordova* is so far removed from our case as to be inapplicable. The policy reasons underlying its application in *Cordova*—to prevent a due process violation and the imposition of a more severe sentence after a new trial thus raising the possibility of judicial vindictiveness—are absent here.

{34} Support for affirmance is found in *Padilla*, 106 N.M. 420, 744 P.2d 548. In that case, defendant appealed from the district court's revocation of the probation portion of his sentence arguing that the district court could not revoke his probation because he had not even started to serve it. This Court held that a defendant who commits a probation violation while still serving the custodial portion of his sentence is subject to revocation of his probation even though he has not begun to serve probation. *Id.* at 422, 744 P.2d at 550. We also concluded that "[t]he sentencing court retains jurisdiction to revoke a suspended sentence for good cause shown at any time subsequent to the entry of judgment and prior to the expiration of the sentence." *Id.* There is no mention of an exception for the time pending appeal.

{35} A comparison of the statutes and rules regarding release pending appeal lead to the same conclusion. Rule 5-402(C) allows the court after sentencing to "establish conditions of release pending appeal" upon "motion of the defendant." Subsection (D) of Rule 5-402 specifically states that the "taking of an appeal does not deprive the district court of jurisdiction under Rule 5-403," the rule that allows the court to review conditions of release. A defendant may appeal the district court's determinations regarding release as well as any determination regarding the review of those conditions. Rule 5-403(B). Clearly, the district court has jurisdiction to make decisions regarding release conditions which are similar to conditions of release in a probation order. To allow the court to continue its jurisdiction in cases regarding release pending appeal but not in cases regarding revocation of probation defies logic.

{36} Common sense also supports this approach. The purpose of Section 31-11-1 is to allow those defendants who meet certain criteria and who agree to certain conditions, to be released pending appeal of their case. Probation achieves this same objective. If a district court believes that probation is the better sentencing option, why make the defendant request that the court establish separate conditions of release pending appeal as per Rule 5-402(C) when the probation order already has the conditions of release the district court deems necessary and Section 31-21-15 sets out the procedures for handling probation violators? The district courts are already overloaded with paperwork. We must be mindful of the practical consequences of our decisions. In this case, Defendant's rights related to his appeal are not jeopardized nor is the judicial system compromised by holding that the district court still has jurisdiction to decide matters regarding probation revocation.

{37} For the above reasons, I respectfully dissent.