432 P.2d 262

STATE of New Mexico, Plaintiff-Appellee,

v.

Adolpho J. RAMIREZ, Defendant-Appellant.

No. 8153.

Supreme Court of New Mexico.

Sept. 18, 1967.

Charles L. Harrington, Roswell, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

Did the trial court err in failing to appoint counsel to assist the defendant in filing a motion for post-conviction relief? No.

Defendant pleaded not guilty to a charge of armed robbery. He was tried and convicted. · The conviction was affirmed in State v. Ramirez, 76 N.M. 72, 412 P.2d 246 (1966). Throughout these proceedings he was represented by court-appointed counsel.

Subsequently, by letters to the trial court, defendant stated that he did not know how to prepare a motion for relief under § 21–1–1(93), N.M.S.A.1953, and that he wished to challenge his conviction on the basis of an illegal arrest. He asked that counsel be appointed to file a motion on his behalf. The trial court declined to appoint counsel and defendant appealed.

State v. Weddle, 77 N.M. 420, 423 P.2d 611 (1967), states that our provisions for post-conviction relief were adopted from 28 U.S.C.A. § 2255, and

"* * * [A]ccordingly the interpretation placed on that section by the federal courts is persuasive of the meaning of the identical rule adopted by us."

In a post-conviction proceeding, the issue is not the guilt or innocence of the prisoner; the issue is the validity of the conviction. Baker v. United States, 334 F.2d 444 (8th Cir.1964); Richardson v. United States, 199 F.2d 333 (10th Cir. 1952).

Thus, the right to counsel provided by the Sixth Amendment to the United States Constitution does not apply. Ford v. United States, 363 F.2d 437 (5th Cir. 1966); Juelich v. United States, 342 F.2d 29 (5th Cir.1965). There may be circumstances where counsel must be afforded to meet the requirements of due process. Juelich v. United States, supra; Dillon v. United States, 307 F.2d 445 (9th Cir.1962); see United States ex rel. Dennis v. Murphy, 265 F.2d 57 (2nd Cir.1959). No such circumstances are claimed here.

Absent a constitutional requirement, appointment of counsel is within the discretion of the court. Baker v. United States, supra; McCartney v. United States, 311 F. 2d 475 (7th Cir.1963). While the standard to be applied by the trial court has not been clearly established,

"* * * There is case authority indicating that counsel should be appoint-

ed in collateral attack proceedings whenever it appears probable that any substantial issue, or at least a substantial issue of fact, will be presented. * * *" Dillon v. United States, supra.

■ Where a motion has been filed, but is completely groundless, counsel need not be appointed to represent the defendant. Huizar v. United States, 339 F.2d 173 (5th Cir.1964), cert. denied, 380 U.S. 959, 85 S.Ct. 1099, 13 L.Ed.2d 975 (1965); Kapsalis v. United States, 345 F.2d 392 (7th Cir.1965), cert. denied 382 U.S. 946, 86 S.Ct. 406, 15 L.Ed.2d 354 (1965).

Here, there is no motion, but a request for counsel to assist in the preparation of a motion. How can it be determined whether it is probable that a substantial issue will be presented in the motion? This determination is to be made on the factual allegations made by the prisoner. Martinez v. United States, 344 F.2d 325 (10th Cir.1965). See Thomas v. United States, 308 F.2d 369 (7th Cir.1962).

■ Where, as here, the conviction has been affirmed on direct review, the trial court is not required to appoint counsel to assist the prisoner in exploring the possibilities for post-conviction relief. Once, however, the prisoner alleges some factual basis raising a substantial issue, counsel must be appointed.

Defendant alleged an illegal arrest; a factual basis for this claim was set forth in the letters. For two reasons, this did not raise a substantial issue for post-conviction relief.

■ First, defendant pleaded not guilty and proceeded to trial. By doing so, the claim of illegal arrest was waived. City of Roswell v. Leonard, 73 N.M. 186, 386 P.2d 707 (1963).

Second, defects in procedure on arrest, standing alone, are not grounds for discharge under federal habeas corpus. There must be some showing that the illegal arrest affected the validity of the conviction. Fernandez v. Klinger, 346 F.2d 210 (9th Cir.1965), cert. denied 382 U.S.

895, 86 S.Ct. 191, 15 L.Ed.2d 152 (1965); D'Agostino v. Sahli, 230 F.2d 668 (5th Cir.1956); United States ex rel. Sullivan v. Commonwealth of Pennsylvania, 244 F.Supp. 883 (E.D.Penn.1965). United States ex rel. Gary v. Hendrick, 238 F. Supp. 757 (E.D.Penn.1965). Compare State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966).

■ Not being a basis for relief under federal habeas corpus it is not a basis for relief under the federal statute for post-conviction remedies. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); Arellanes v. United States, 353 F.2d 270 (9th Cir.1965), cert. denied, 385 U.S. 870, 87 S.Ct. 139, 17 L.Ed.2d 97 (1966). In line with the decisions in the federal courts, we hold that the complaint concerning alleged illegal arrest, under the circumstances here present, could furnish no ground for relief under § 21-1-1(93), N.M.S.A.1953.

The refusal to appoint counsel is affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.