441 P.2d 497

STATE of New Mexico, Plaintiff-Appellee,

v.

Ernest LUJAN, Defendant-Appellant.

No. 8526.

Supreme Court of New Mexico.

June 3, 1968.

Robert A. Johnson, Roswell, for defendant-appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

CARMODY, Justice.

Appellant filed a Rule 93 (§ 21–1–1 (93), N.M.S.A., Supp.1967) motion, together with several longhand supplements thereto. Following a hearing, at which appellant was represented by court-appointed counsel but was not present in person, the court denied the motion for post-conviction relief. This appeal follows.

In State v. Lujan, 76 N.M. 111, 412 P.2d 405 (1966), we determined that this appellant was properly sentenced on two counts involving a violation of the Narcotic Drug Act in 1965. In that cause, we remanded the case to the trial court "for the sole purpose of setting aside the judgment and sentence made under the habitual criminal statute, § 40A–29–5, supra. In all other respects, the judgment heretofore entered shall remain in full force and effect." Following this mandate, the trial court vacated and set aside the sentence which it had theretofore imposed pursuant to the habitual criminal act. However, the order in nowise affected the prior sentences imposed on the narcotics convictions for which a commitment was issued by the clerk of this court.

Appellant, in the instant proceeding, initially sought to have the enhanced penalty, under the Narcotic Drug Act conviction, set aside, because he claimed he was not represented by counsel at the time of his first conviction for violation of the Narcotic Drug Act in 1960. Prior to hearing, several letters were written by appellant to the court which enlarged upon the sought post-conviction relief, the additional grounds seeming to be that at the 1960 conviction he did not intelligently waive the right to counsel, that he did not understand the proceedings, and that he was not advised of his right to have an attorney.

Following the hearing on the 93 motion, the court entered a judgment containing findings to the effect that (1) appellant had been represented by counsel, William J. Schnedar, in the 1960 proceeding; (2) by stipulation, it was agreed that while Mr. Schnedar did not have an independent recollection of the appellant, it was his practice in all cases, when appointed by the court, to discuss the case with the defendant on more than one occasion; (3) in the 1965 case appellant was represented by counsel, that he testified in his own behalf and admitted his guilt under the 1960 charge, and that at no time during the trial of the case did the appellant or his counsel challenge the validity of the 1960 sentence or ask that it be set aside; (4) appellant was aware that if he were found guilty in the 1965 case, the State would ask that he be sentenced as a second narcotics offender; (5) both the appellant and his counsel had a reasonable opportunity to object to the enhanced penalty, but did not do so, and actually admitted that the appellant was the same person; (6) appellant had every opportunity to contest his conviction, but he failed to explain his lack of diligence in asserting the claimed invalidity; and (7) the sentence is valid and the motion should be denied.

The first point on this appeal is that appellant was not represented by counsel at his conviction in 1960, and the

conviction is void. After the filing of the brief in chief, appellant submitted what is termed a supplement to brief in chief. By this supplement, appellant seeks to raise points which are outside the record, claiming he did not have an attorney at the preliminary hearing in 1960 and generally attacking the court's finding that he was represented by Mr. Schnedar. We, of course, do not consider claims outside the record, but, in any event, appellant's claim of non-representation by counsel is contrary to the express statement in the record in the 1960 hearing which affirmatively shows Mr. Schnedar was his appointed counsel. Under the allegations here presented, any irregularities or defects which occurred prior to the arraignment were effectively waived. See, Christie v. Ninth Judicial District, 78 N.M. 469, 432 P.2d 825 (1967); State v. Marquez, 79 N.M. 6, 438 P.2d 890 (1968); State v. Elledge, 78 N.M. 157, 429 P.2d 355 (1967); State v. Blackwell, 76 N.M. 445, 415 P.2d 563 (1966); Sanders v. Cox, 74 N.M. 524, 395 P.2d 353 (1964), cert. denied 379 U.S. 978, 85 S.Ct. 680, 13 L.Ed.2d 569 (1965).

The record disclosing that appellant was represented by very competent counsel, his contention that he was illiterate and did not understand the nature of the proceedings cannot be sustained. We take particular note that in the 1960 proceedings appellant pleaded guilty to two of three counts of the information, the third count being dismissed and no sentence at all being passed on the second count, so it would seem that his court-appointed attorney was of considerable benefit to him. Cf., State v. Walburt, 78 N.M. 605, 435 P.2d 435 (1967).

Appellant argues that the fact that he was not present at the time the district court vacated a portion of its sentence pursuant to our mandate somehow justifies relief. The difficulty with this contention is that the district court merely eliminated the erroneous portion of the sentence, and the mandate under which appellant is now serving was issued by this court; there-fore, there was no need for a hearing at all. The trial court merely corrected the record and did not resentence appellant. In any event, it appears he was duly and properly sentenced under the two charges for the violation of the Narcotic Drug Act; he was present in court with employed counsel when the sentence was originally passed, and he is now serving the same. The situation in State v. Verdugo, 78 N.M. 372, 431 P.2d 750 (1968), is unlike that before us. There is no merit to appellant's claim.

Appellant then claims some benefit by reason of the fact that one of the State's witnesses in the 1965 trial was not called upon by the State to testify, even though present in court. We are at a loss to understand how this claim can aid appellant. If the witness was present in court, appellant had the right to call him as a witness just as much as the State. The State was under no requirement to call witnesses, and although there is no explanation as to why the witness was not called, this certainly does not raise any constitutional issue. Cf., State v. James, 76 N.M. 376, 415 P.2d 350 (1966).

It is then urged that appellant was prejudiced because the information under which he was convicted in 1965 charged not only the violation of the Narcotic Drug Act but also that appellant was an habitual criminal. True, the information does so allege, but there is no indication in the record that the information was read to the jury, nor do the instructions indicate that the habitual-criminal issue was submitted to the jury. In any event, the prior conviction was stipulated in open court and the appellant took the stand, so we do not find any prejudice justifying relief.

Lastly, appellant claims error because at least one witness was allowed to testify in the 1965 case whose name was not endorsed on the information. According to the record, the witness was called, and when objection was made that his name was not endorsed on the information,

the State moved to do so. After some argument, the court granted the motion to endorse, and in the absence of abuse of discretion, this was not error. State v. Grice, 47 N.M. 197, 138 P.2d 1016 (1943); State v. Edwards, 54 N.M. 189, 217 P.2d 854 (1950); and § 41–6–47, N.M.S.A. 1953. There is no claim here of any abuse of discretion, and, in any event, we do not believe this raises any constitutional issue which would justify the appellant's relying on it in this post-conviction proceeding.

The case will be affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.