445 P2d 101

STATE of New Mexico, Plaintiff-Appellee,

v.

Curtis Ray SHARP, Defendant-Appellant.
No. 207.

Court of Appeals of New Mexico.
Sept. 6, 1968.

--------

Stephen L. ReVeal, Carlsbad, for appellant.

Boston E. Witt, Atty. Gen., Warren O. F. Harris, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Defendant's conviction of burglary was affirmed in State v. Sharp, 78 N.M. 220, 430 P.2d 378 (1967). His subsequent motion for post-conviction relief under § 21–1–1(93) N.M.S.A.1953 (Supp.1967) was denied without a hearing; defendant appeals. We consider the claims set forth in the motion and claims set forth in the appeal.

*Claims asserted in the motion.*

The claims and answers to those claims are:

■ (a) The trial court showed prejudice to defendant by overruling objections made by defendant's counsel. The claim is too general; we do not know the objections which evoked the allegedly prejudicial rulings. A specific factual basis must be alleged; the claim presented no basis for relief. State v. Flores (Ct.App.), 79 N.M. 597, 444 P.2d 597, decided August 9, 1968, and cases therein cited.

■ (b) Testimony of witnesses at his trial was hearsay; testimony at trial conflicts with testimony at the preliminary hearing. These claims are attacks on the credibility of witnesses; they do not provide a basis for post-conviction relief. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967); State v. Sedillo, 79 N.M. 254, 442 P.2d 212 (Ct.App.1968).

■ (c) Defendant was denied trial by an impartial jury because one juror was a personal friend of the prosecutor. There is no claim that this friendship, if a fact, prejudiced the defendant. State v. Reid, 79 N. M. 213, 441 P.2d 742 (1968); State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966). This claim does not provide a basis for post-conviction relief.

■ (d) Defendant's counsel (1) " * * refused to contest * * *." the juror who allegedly was the prosecutor's friend, (2) when objecting, failed to inform the court as to the basis of his objection. These are claims as to counsel's conduct of the trial. They are not claims that defendant's trial was a sham or mockery of justice. These claims do not provide a basis for post-conviction relief. State v. Flores, supra, and cases therein cited.

■ (e) Defendant's counsel admitted " * * * that he was inexperienced in criminal practice to the extent that he could not competently represent this petitioner. * * *" This general claim, not being supported by specific factual allegation, does not provide a basis for post-conviction relief. State v. Flores, supra. Further, the trial court determined from the record that defendant was represented by a competent and experienced attorney.

■ (f) Another individual " * * * in this same cause was given a (4) four month jail sentence, although he was guilty of the same charge of burglary. * * *" This alleged inequality in sentences for the same offense, if true, does not provide a basis for post-conviction relief. The "equal protection of the law" provisions of the United States and New Mexico Constitutions do not require uniform enforcement of the law and do not protect defendant from the consequences of his crime. State v. Baldonado, 79 N.M. 175, 441 P.2d 215 (Ct.App.1968).

*Claims asserted in the appeal.*

■ (a) Defendant claims that the trial court should have appointed counsel to represent defendant in presenting his motion to the trial court, should have held a hearing on the motion and should have held this hearing in the presence of defendant. Since none of the claims asserted in the motion provided a basis for post-conviction relief, the trial court did not err in denying the motion without a hearing and without providing counsel for defendant, in connection with the motion. State v. Sisk, 79 N.M. 167, 441 P.2d 207 (1968); State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968).

■ (b) Defendant asserts that he was not confronted with the witnesses against him and that he was not indicted by a grand jury. As to the confrontation claim

see State v. Lujan, 79 N.M. 200, 441 P.2d 497 (1968); State v. Barton, 79 N.M. 70, 439 P.2d 719 (1968) and State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967). As to the indictment claim see Flores v. State (Ct.App.), 79 N.M. 420, 444 P.2d 605, decided August 9, 1968, and cases therein cited. However, we do not decide these claims on their merits. They were not presented to the trial court; defendant seeks to raise them here for the first time. He may not do so. See State v. Gonzales (Ct.App.), 79 N.M. 414, 444 P.2d 599, decided August 9, 1968, and cases therein cited.

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.