448 P.2d 815

**STATE of. New Mexico, Plaintiff-Appellee,**

**v.**

**Jack HIBBS, Defendant-Appellant.**

**No. 254.**

Court of Appeals of New Mexico.

Dec. 13, 1968.

**710**

Dewie B. Leach, Hobbs, for defendant-appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant's motion for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Supp.1967) was denied without a hearing. The claims asserted in the motion are the claims made in the appeal. These claims and our answers, are:

■ 1. The trial court showed prejudice to defendant by overruling all objections made by defendant's counsel. We do not know the objections which evoked the allegedly prejudicial rulings. The claim is too general; it does not provide a basis for post-conviction relief. State v. Sharp, 79 N.M. 498, 445 P.2d 101 (1968).

2. Testimony taken at the trial was hearsay " * * * and, therefore, petitioner was denied his right to be confronted by the accusing wittness [sic]. * * * "

■ (a) If this is a complaint concerning hearsay testimony it is an attack on the credibility of witnesses and provides no basis for post-conviction relief. State v. Sharp, supra.

■ (b) If this is a complaint that the right to cross examination of witnesses was denied, it is answered by a finding of the trial court based on the files and records of the case. The trial court found that "Defendant was confronted by and had the opportunity to cross examine all witnesses offered by the State. * * * " This finding is unattacked and, therefore, is a fact in this court. State v. Simien, 78 N.M. 709, 437 P.2d 708 (1968).

■ (c) It may be that the claim is an assertion that a specific witness, unidentified in the motion and the record before us, did not testify at the trial. The state was not required to call every possible witness. The trial court found that the testimony of the witnesses offered by the state " * * * was wholly sufficient to sustain the verdict of the jury." Being unattacked, the finding is a fact before us. State v. Simien, supra. There being evidence to sustain the conviction, the failure of the state to call a specific witness does not provide a basis for post-conviction relief. Compare State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967).

■ 3. Appointed counsel was not experienced in criminal practice and therefore defendant was not given adequate assistance of counsel. The unattacked finding of the trial court is that counsel did " * * * an able and competent job. * * * ", had " * * * considerable criminal trial experience. * * * ", and was " * * * as effective as any lawyer could have been under the circumstances. * * * " This finding being unattacked, is a fact before us. State v. Simien, supra. Further, the claim made is too general. Since the claim is not supported by specific factual allegation, it does not provide a basis for post-conviction relief. State v. Sharp, supra.

The order denying relief is affirmed.

It is so ordered.

OMAN and ARMIJO, JJ., concur.