457 P.2d 996

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Pete TAPIA, Defendant-Appellant.**

**No. 309.**

Court of Appeals of New Mexico.

Aug. 1, 1969.

Larry L. Lamb, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Robert J. Laughlin, Asst. Atty. Gen., Santa Fe, for appellee.

**478**

## OPINION

WOOD, Judge.

Defendant moved for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Supp.1967). His motion was denied without a hearing. He appeals, reasserting the claims set forth in his motion. In addition, he claims the trial court erred in failing to appoint counsel to represent him in connection with his motion.

### Claims asserted in his motion.

■ (a) Defendant claims the evidence warranted a verdict of not guilty and that certain witnesses called by him were not impeached. These are claims concerning the credibility of witnesses and the weight to be given their testimony. These are matters decided by the jury when they convicted defendant. They provide no basis for post-conviction relief. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967).

■ (b) Defendant claims that his counsel at trial was "Anglo," that he is "Spanish-American," that he did not understand the English language "very well" and "* * * therefore there was trouble between said Counsel and the Petitioner [in] preparing the defense. * * *" This is a general claim unsupported by specific factual allegations either as to the nature of the trouble or its effect upon the defense. It provides no basis for post-conviction relief. See State v. Hibbs, 79 N.M. 709, 448 P.2d 815 (Ct.App.1968); Nieto v. State, 79 N.M. 330, 443 P.2d 500 (Ct.App.1968).

■ (c) Defendant attacks the quality of his representation by counsel. He claims counsel: (1) failed to use compulsory process to subpoena a fourth alibi witness; See State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967); (2) failed to object to extrajudicial identification of defendant by prosecution witnesses; See State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State v. Sharp, 79 N.M. 498, 445 P.2d 101 (Ct.App.1968); (3) failed to explain the provisions of § 41–17–13, N.M.S.A.1953 (Repl. Vol. 6); Compare State v. Brusenhan, 78

N.M. 764, 438 P.2d 174 (Ct.App.1968); and (4) failed to invoke the fundamental error rule during his trial; See defendant's first appeal, State v. Tapia, 79 N.M. 344, 443 P.2d 514 (Ct.App.1968)

None of these attacks on court-appointed counsel amount to a claim that the proceedings leading to his conviction were a sham, farce or mockery. They provide no basis for post-conviction relief. State v. Dominguez, 80 N.M. 328, 455 P.2d 194 (Ct.App. 1969).

### Failure to appoint counsel in connection with the motion.

■ Defendant's motion presented no basis for post-conviction relief. Accordingly, the trial court was not required to appoint counsel to represent defendant in connection with the motion. State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Sharp, supra.

■ Defendant recognizes this is the law of New Mexico. His contention is that the law should be changed. Because he is untrained in the law he claims he is denied "equal justice" by the requirement that he assert matters "* * * which, if proved, would require the setting aside of the conviction. * * *" before counsel is appointed. See State v. Lobb, supra. He claims this places an "unfair burden" upon him because convicts able to hire an attorney would have the benefit of the attorney's investigation and review of the record before drafting a motion for post-conviction relief.

Specifically, defendant asks us to require the appointment of counsel to assist him in exploring the possibilities for post-conviction relief. State v. Ramirez, 78 N.M. 418, 432 P.2d 262 (1967), held that appointment of counsel was not required to assist in such an exploration. See State v. Barefield, 80 N.M. 265, 454 P.2d 279 (Ct.App. 1969). Compare Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed. 2d 340 (1969); Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

Defendant was represented by counsel at his trial and on his direct appeal. He now seeks to avoid the penalty imposed for his crime in a post-conviction proceeding. If he raises a substantial issue in that proceeding, the State will once again provide him counsel. The State has already proved guilt beyond a reasonable doubt; his conviction has been affirmed. State v. Tapia, supra. He has received equal justice. We see nothing unfair in requiring a defendant, at this point, to state a basis for being relieved of his conviction. If there is any unfairness at this point, it is not against the defendant.

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.