462 P.2d 619

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Louis WHITFIELD, Defendant-Appellant.**

No. 8799.

Supreme Court of New Mexico.

Dec. 29, 1969.

L. Lamar Parrish, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Vince D'Angelo, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

COMPTON, Justice.

The appellant was convicted in 1949 of the crime of murder but took no appeal from the judgment imposing sentence. He now appeals from an order denying post conviction relief under Rule 93, § 21–1–1 (93), N.M.S.A.1953 (1967 Supp.).

Appellant asserts that his constitutional rights were violated in the following respects: that without aid of counsel and without being advised of his legal rights, statements given by him while in custody were used against him at the trial; that he was a pauper and that there was a delay of two weeks before counsel was appointed for him; that he did not have counsel at his preliminary hearing nor at his arraignment and plea; that no witnesses were called in his behalf at the trial on the merits.

Upon consideration of the appellant's motion and the record, the motion was denied without a hearing. An order was entered accordingly, and appellant is seeking a review of claimed violation of his constitutional rights.

We find no violation of the appellant's constitutional rights. He relies primarily on Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d

694, and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, but those cases are not given retroactive effect. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; State v. Soliz, 79 N.M. 263, 442 P.2d 575; State v. Ortega, 77 N.M. 7, 419 P.2d 219.

Further, the record does not support appellant. On March 2, 1949, a complaint charging appellant with murder was filed in the justice of the peace court. On March 4, 1949, two attorneys were appointed to represent him at his preliminary hearing and throughout the proceedings, including the hearing on the merits before a jury. They also advised him against taking an appeal.

The record is not specific as to whether appellant was arraigned on the murder charge in the district court; nevertheless, the record indicates that he was. In the court's first instruction the jury was told that "the defendant has pleaded not guilty" to the charge. But assuming there had been no arraignment on the murder charge, proceeding to trial with the aid of competent counsel served as a waiver of any prior defects in the proceedings. State v. Renner, 34 N.M. 154, 279 P. 66.

The assertion that appellant had no witnesses in his behalf in district court indicates an attack on the competency of court appointed counsel. Standing alone this bare assertion provides no basis for the application of Rule 93. State v. Barton, 79 N.M. 70, 439 P.2d 719.

The court did not err in denying the appellant's motion without a hearing and without providing counsel for defendant. Rule 93, Rules of Civil Procedure (§ 21–1–1(93) (c), N.M.S.A.1953 Comp., (1967 Supp.)); State v. Lobb, 78 N.M. 735, 437 P.2d 1004; State v. Sharp, 79 N.M. 498, 445 P.2d 101 (Ct.App.); and State v. Tapia, 80 N.M. 477, 457 P.2d 996 (Ct.App.). Compare State v. Brinkley, 78 N.M. 39, 428 P.2d 13. We note that State v. Buchanan, 78 N.M. 588, 435 P.2d 207

and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, relied on by appellant are distinguished on the facts.

The order must be affirmed.

It is so ordered.

WATSON, J., and CASWELL S. NEAL, D. J., concur.