464 P.2d 569

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Adolpho J. RAMIREZ, Defendant-Appellant.**

**No. 406.**

Court of Appeals of New Mexico.

Jan. 16, 1970.

Paul Kelly, Jr., Hinkle, Bondurant & Christy, Roswell, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, James C. Compton, Jr., Asst. Atty. Gen., for plaintiff-appellee.

OPINION

WOOD, Judge.

Defendant's third appeal is from a denial of post-conviction relief. Section 21-1-1(93), N.M.S.A.1953 (Supp.1969). His direct appeal is reported at 76 N.M. 72, 412 P.2d 246 (1966). A prior appeal from a denial of post-conviction relief is reported at 78 N.M. 418, 432 P.2d 262 (1967).

In his motion, defendant claims he was inadequately represented by court appointed counsel. He claims he was inadequately

represented on his direct appeal because counsel wrote to him: " 'I will represent you on appeal for the reason that the court will appoint me to represent you on appeal and for no other reason.' " Defendant asserts this shows that counsel was prejudiced against him and defended him reluctantly.

Defendant also claims he was inadequately represented at his trial. This claim has two parts. First, he asserts that counsel failed to call as a witness one who had witnessed the crime and " * * * who failed to identify the Petitioner as the one who committed the armed robbery." Second, defendant contends counsel failed to consult with him and failed to advise him of counsel's decision not to call this witness.

None of defendant's claims provide a basis for post-conviction relief because:

■ 1. None of the attacks on court appointed counsel amount to a claim that the proceedings leading to his conviction, and to affirmance on direct appeal, were a sham, farce or mockery. State v. Tapia, 80 N.M. 477, 457 P.2d 996 (Ct.App.1969); State v. Dominguez, 80 N.M. 328, 455 P.2d 194 (Ct.App.1969).

■ 2. Petitioner's motion asserts his attorney wrote to him: " 'I did not call Mrs. Ray to the stand because I did not want to emphasis [sic] that her two little children were present during the robbery. * * *' " According to petitioner this letter also indicates the witness "was not very cognizant" of what happened during the robbery. Counsel's decision not to call a witness and his alleged failure to advise defendant of that decision pertain to trial tactics and strategy and the conduct of the trial. State v. Selgado, 78 N.M. 165, 429 P. 2d 363 (1967), states:

"The petitioner is not entitled to post-conviction relief on the grounds that the result might have been different if different trial tactics and strategy had been employed. * * * Generally, an attorney of record has the exclusive power and control with respect to procedural and remedial matters over the litigation with which he is charged. * * *"

■ Since defendant's claims do not provide a basis for post-conviction relief, the trial court did not err in deciding defendant's motion without an evidentiary hearing and without appointing counsel to represent him at that hearing. State v. Tapia, supra, and cases therein cited.

The order denying post-conviction relief is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.