466 P.2d 897

**Alfonso R. PENA, Petitioner-Appellant,**

v.

**STATE of New Mexico, Respondent-Appellee.**

**No. 435.**

Court of Appeals of New Mexico.
Feb. 20, 1970.

W. R. Hughes, Jr., Fedric & Hughes, Roswell, for petitioner-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Vince D'Angelo, Asst. Atty. Gen., for respondent-appellee.

## OPINION

WOOD, Judge.

The beginning date of Pena's current sentence was postponed until he had completed serving a prior sentence. See Herring v. State, 81 N.M. 21, 462 P.2d 468 (Ct.App.1969); State v. Upshaw, 79 N.M. 484, 444 P.2d 995 (Ct.App.1968). Moving for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Supp.1969), Pena sought to advance the beginning date of his current sentence. He alleged his prior sentence was illegal and because illegal, it did not postpone the beginning date of his current sentence. The trial court denied the motion without a hearing. The question on appeal is whether Pena was entitled to a hearing. This question depends on whether any of the claims stated in the motion provide a basis for post-conviction relief.

Pena makes factual allegations in attacking the validity of his prior sentence. The trial court proceeded on the assumption that even if the factual allegations were true, they did not provide a basis for relief. We also proceed on the assumption that Pena's factual allegations are true.

Claim 1 is that Pena was not "advised of his rights" when arrested. Claim 2—he was interrogated without having the assistance of counsel. Claim 3—he did not have counsel at his preliminary hearing. Claim 4—no attorney was appointed to represent him until weeks after the preliminary hearing.

Since Pena's prior sentence was imposed in 1963, the events alleged in the first four claims occurred prior to the decisions in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977 (1964). Neither case is given retroactive effect. State v. Whitfield, 81 N.M. 34, 462 P.2d 619 (1969), and cases therein cited. To the extent the first four claims rely on either Miranda or Escobedo, these decisions provide no basis for relief.

Because the record before us does not include the proceedings leading to the prior sentence and because the trial court made

no findings on the question, we do not consider whether these first four claims have been waived. See Christie v. Ninth Judicial District, 78 N.M. 469, 432 P.2d 825 (1967); State v. Robinson, 78 N.M. 420, 432 P.2d 264 (1967); State v. Blackwell, 76 N.M. 445, 415 P.2d 563 (1966).

The first four claims provide no basis for post-conviction relief because there is no contention that Pena was in any way prejudiced by the lack of advice as to his constitutional rights, by the absence of counsel or the delay in appointment of counsel. As to claims 1 and 2, see Christie v. Ninth Judicial District, supra; State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct.App. 1969). As to claims 3 and 4, see State v. Hardy, 78 N.M. 374, 431 P.2d 752 (1967); State v. Cisneros, 77 N.M. 361, 423 P.2d 45 (1967); compare State v. Torres (Ct. App.), 81 N.M. 521, 469 P.2d 166, decided January 30, 1970.

Claim 5. He had inadequate representation because court appointed counsel " * * * did not consult with him until a few days before the trial. * · * * " Further, counsel told Pena: " 'You have a snowball's chance in hell.' " Neither the assertion concerning his attorney's consultation, nor the attorney's remark, provides a basis for post-conviction relief. State v. Ramirez (Ct.App.), 81 N.M. 150, 464 P. 2d 569, decided January 16, 1970; State v. Knerr, 79 N.M. 133, 440 P.2d 808 (Ct.App. 1968). They do not raise an issue as to whether the proceedings leading to Pena's conviction were a sham, farce or mockery.

Claim 6. He had a joint trial. " * * * [O]ne of the defendants had a confession, thus implying that petitioner was also guilty. * * * " Pena asserts that either the confession should not have been used or he should have had a separate trial. Pena doesn't assert that the confession connected him with the crime or in any way implicated him. See State v. Harrison (Ct.App.), 81 N.M. 324, 466 P.2d 890, decided February 20, 1970. His contention is that the fact of a confession by a co-defendant implied that he was also guilty.

If defendant A confesses, why does that imply that defendant Pena is guilty? The claim is too vague to raise an issue which requires an inquiry. It is factually insufficient. State v. Hansen, 79 N.M. 203, 441 P.2d 500 (Ct.App.1968); State v. Sexton, 78 N.M. 694, 437 P.2d 155 (Ct.App.1968).

Claim 7. The main witnesses used in the jury trial were not used at the preliminary hearing. They don't have to be. The claim provides no basis for relief. State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967).

Claim 8. The main witness changed his testimony two or three times on the witness stand. This is an attack on the credibility of the witness. It provides no basis for post-conviction relief. State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968); State v. Sharp, 79 N.M. 498, 445 P.2d 101 (Ct.App.1968).

None of the claims state a basis for post-conviction relief. The trial court did not err in denying the motion without a hearing. State v. Ramirez, supra.

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.