469 P.2d 535

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Bruce Howard FORD, Defendant-Appellant.**

**No. 443.**

Court of Appeals of New Mexico.

May 1, 1970.

C. Fincher Neal, Neal & Neal, Hobbs, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Ray Shollenbarger, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Judge.

Defendant was convicted of burglary. Section 40A–16–3, N.M.S.A.1953 (Repl. Vol. 6). His appeal raises nine issues.

*Delay in preliminary hearing.*

■ Defendant asserts he was not given a preliminary hearing until fifty-two days after his arrest. We cannot determine the factual basis for this contention. The record shows the date of arrest, but does not show when a preliminary hearing was held. Assuming such a delay, it does not benefit defendant. No issue was raised in the trial court concerning this delay. It has not been preserved for review. State v. Reynolds, 79 N.M. 195, 441 P.2d 235 (Ct.App. 1968).

■ Further, without a showing of prejudice, delay in bringing the defendant be-

fore a magistrate provides no basis for reversal of the conviction. See State v. Sedillo, 79 N.M. 9, 439 P.2d 226 (1968); Barela v. State (Ct.App.), 81 N.M. 433, 467 P.2d 1005, decided March 27, 1970.

### Delay in trial.

■ Defendant was arrested on May 7th; he was tried September 19th. He asserts this delay amounts to a denial of his right to a speedy trial. Defendant's claim of lack of a speedy trial is not a ground for reversal unless defendant affirmatively made known his desire for a speedy trial. Raburn v. Nash, 78 N.M. 385, 431 P.2d 874 (1967), cert. dismissed 389 U.S. 999, 88 S.Ct. 582, 19 L.Ed.2d 613 (1967). The record shows no such request.

■ Further, defendant relies entirely on the time interval between arrest and trial. This interval, without more, is insufficient for a determination that a speedy trial has been denied. State v. Adams, 80 N.M. 426, 457 P.2d 223 (Ct.App.1969).

### Loss of District Court's jurisdiction.

■ Defendant asserts that on the day after he was bound over to the District Court for trial, he was taken from the county jail to the penitentiary "for parole violation." He claims the District Court lost jurisdiction over him because he was "released" to the penitentiary before being tried. The record in this case does not show that defendant was in the penitentiary prior to his commitment following sentence in this case. Defendant's claim goes outside the record. It does not present an issue because we do not consider claims outside the record. State v. Lujan, 79 N.M. 200, 441 P.2d 497 (1968).

■ Even if the facts are as defendant claims, the court did not lose jurisdiction over defendant. Even if defendant was brought before the court in an illegal manner, the court still had jurisdiction to try him. State v. Cochran, 79 N.M. 640, 447 P.2d 520 (1968); State v. Halsell, 81 N.M. 239, 465 P.2d 518 (Ct.App.1970).

However, defendant's claim does not raise any issue of illegality. The parole authorities could revoke defendant's parole and return him to the penitentiary for a parole violation. Robinson v. Cox, 77 N.M. 55, 419 P.2d 253 (1966). Section 40A–29–10, N.M.S.A.1953 (Repl.Vol. 6), clearly contemplates the conviction and sentence of a person for a crime committed while at large under parole.

### Being held incommunicado.

■ Defendant claims that upon being returned to Lea County for trial he was held incommunicado. This also is a claim outside the record. It presents no issue in this appeal. State v. Lujan, supra. Assuming, however, that defendant was held incommunicado, the claim presents no issue without some indication that defendant was prejudiced as a result. State v. Flores, 79 N.M. 412, 444 P.2d 597 (Ct.App.1968). No prejudice is claimed.

### Prejudiced juror.

Defendant claims he had known one of the jurors, a Mr. Carrasco, for fifteen years and "* * * I believe * * * he would have a biased and prejudiced opinion. * * *" There is nothing in the record to support the claim of bias or prejudice on the part of juror Carrasco. The claim, going outside the record, presents no issue for review. State v. Lujan, supra.

■ Further, State v. Maes (Ct.App.), 81 N.M. 550, 469 P.2d 529, decided April 17, 1970, states:

"The trial court has the duty of seeing that there is a fair and impartial jury. In doing so it must exercise discretion. The trial court's decision will not be disturbed unless there is manifest error or a clear abuse of discretion. * * *"

Here, there is nothing to indicate either manifest error or an abuse of discretion by the trial court in allowing Mr. Carrasco to serve as a juror.

*Inadequate representation by counsel.*

Defendant states: "I don't believe my lawyer did his level best to win the case." This raises no issue as to whether the proceedings leading to defendant's conviction were a sham, farce or mockery, and thus presents no issue for review. State v. Salazar (Ct.App.), 81 N.M. 512, 469 P.2d 157, decided April 24, 1970.

*Sufficiency of the evidence.*

Defendant claims the " * * * whole case was built around one persons [sic] testimony * * *"; that this witness was prejudiced because she wanted to keep her husband out of prison; and that the testimony at trial was either supposition or circumstantial evidence.

At approximately 11:20 p. m. on the night of the crime, an unidentified person was observed carrying something from a service station. This unidentified person left the station in a white and brown car. Investigation of the service station revealed that glass had been broken in its door and a radio and adding machine had been taken from the station. The car seen leaving the station was located a short time later; defendant was a passenger. With the consent of the driver, officers went to the driver's home and recovered the radio and adding machine. The driver's wife testified that the car belonged to her husband; that defendant had borrowed it shortly before the time of the crime; had departed in the car alone; and a short time later returned with the radio, which he placed on a dresser, and the adding machine, which he hid in a closet. This evidence, which is both testimonial and circumstantial, is substantial evidence of guilt. State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (Ct.App.1967).

The essence of this contention is that the testimony of the driver's wife should not be believed. Her credibility was for the jury. State v. Harrison (Ct. App.), 81 N.M. 324, 466 P.2d 890, decided February 20, 1970.

*Possession of the stolen property.*

Defendant points out that the articles taken in the burglary were not found in his possession. The inference is that this is a fatal defect in the evidence. This is incorrect. The crime of burglary is complete when there is an unauthorized entry with the intent to commit a felony or theft in the structure entered. Section 40A-16-3, supra. Stealing is not a necessary element of burglary. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967). To prove burglary, the State was not required to prove defendant's possession of the stolen articles. State v. Hinojos, supra.

*Conflicts in the evidence.*

Defendant asserts the investigating officer's testimony at trial conflicted with his testimony at the preliminary hearing. Since the testimony given at the preliminary hearing is not in the record before us, the claim goes outside the record and presents no issue for review. State v. Lujan, supra. Even if such a conflict exists, it went only to the credibility of the witness. State v. Sharp, 79 N.M. 498, 445 P.2d 101 (Ct.App.1968). Credibility is resolved by the jury. State v. Harrison, supra.

Affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.