477 P.2d 318

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Ray WILSON, Defendant-Appellant.**
**No. 526.**

Court of Appeals of New Mexico.
Nov. 13, 1970.

Mayo T. Boucher, Belen, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, John A. Darden, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

SPIESS, Chief Judge.

Defendant was convicted upon two charges of knowingly issuing and transferring forged writings, namely, checks, with intent to injure and defraud. He is now in custody under a sentence imposed by the court. He has appealed to this court from an order denying his motion filed pursuant to Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Supp.1969)].

The first point asserted by defendant is:

"THAT THE COURT ERRED IN HOLDING THAT THE DEFENDANT'S OBJECTION TO THE JUDGMENT AND SENTENCE, ON THE GROUNDS THAT HE WAS NOT AFFORDED AN ATTORNEY AT THE ARRAIGNMENT, WAS NOT WELL TAKEN OR MERITORIOUS."

The record actually discloses that defendant was represented by counsel at arraignment and entered a plea of not guilty. Counsel appointed to represent defendant on this appeal concedes that defendant was so represented but he nevertheless has submitted the point for the reason that the question was raised by defendant in his pro se motion.

Defendant next contends:

"THAT THE COURT ERRED IN HOLDING THAT THE DEFENDANT'S MOTION TO VACATE JUDGMENT AND SENTENCE BECAUSE HIS COUNSEL FAILED TO SUBPOENA WITNESSES WHO COULD HAVE TESTIFIED TO HIS INNOCENCE WAS NOT WELL TAKEN OR MERITORIOUS."

It is argued that a Ted Kennedy, who had been charged contemporaneously with defendant and later released by the prosecution, should have been subpoenaed to testify in defendant's behalf; had Kennedy's testimony been secured it would have supported defendant's innocence. In substance, defendant's position is that he was denied effective assistance of counsel because Ted Kennedy was not subpoenaed. We see no merit to this contention.

We have uniformly held that before a defendant can be heard to complain of the inadequacy of his counsel he must show that the proceedings leading to his conviction amounted to a sham, a farce, or a mockery. State v. Ramirez, 81 N.M. 150, 464 P.2d 569 (Ct.App.1970); State v. Tapia, 80 N.M. 477, 457 P.2d 996 (Ct.App. 1969); State v. Dominguez, 80 N.M. 328, 455 P.2d 194 (Ct.App.1969). No such showing is presented here.

It is finally contended:

"THAT THE COURT ERRED IN HOLDING THAT DEFENDANT'S MOTION TO VACATE JUDGMENT AND SENTENCE BECAUSE OF FAILURE OF THE STATE OF NEW MEXICO TO HOLD A CO-DEFENDANT AS A MATERIAL WITNESS

WHO COULD HAVE TESTIFIED TO DEFENDANTS [SIC] INNOCENCE WAS NOT WELL TAKEN OR MERITORIOUS."

Under this point defendant argues that the state suppressed evidence, namely, that which could have been supplied by Ted Kennedy, which resulted in a denial of due process of law.

■ Suppression of evidence by the prosecution is not supported by the record. Ted Kennedy was known to defendant, and it could be inferred that defendant knew what Ted Kennedy's testimony would be if called as a witness in his behalf. There is, further, no showing that Ted Kennedy could not have been subpoenaed to appear at the trial.

■ The suppression of evidence to be violative of due process of law generally involves evidence which is known to the prosecution and not to the defendant. See Trimble v. State, 75 N.M. 183, 402 P.2d 162 (1965).

The order denying the Rule 93 motion should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.