692 P.2d 524

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Samuel Edward DAVID, Defendant-Appellant.**

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Arturo MUNOZ, Defendant-Appellant.**

**Nos. 8101, 8094.**

Court of Appeals of New Mexico.

Nov. 13, 1984.

Paul G. Bardacke, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee in No. 8101.

Thomas A. Harden, Clovis, for defendant-appellant in No. 8101.

Paul G. Bardacke, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee in No. 8094.

Janet E. Clow, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellant in No. 8094.

## OPINION

BIVINS, Judge.

These cases are before us because the trial courts held the defendants without bail prior to trial. In *State v. David* bail was revoked because defendant had threatened to kill witnesses. In *State v. Munoz* the trial court denied bail under the 1980 amendment to N.M. Const. article II, section 13 (Cum.Supp.1984), which permits the district court to deny bail for sixty days when the defendant is accused of a felony and has previously been convicted of two or more felonies within the state which are unrelated to the crime for which the defendant is currently being charged.

David challenges the trial court's authority to revoke his bail and the sufficiency of the evidence to do so assuming the authority existed. Munoz challenges the constitutionality of article II, section 13. Because both cases present a common issue as to the proper method of appealing denials or revocations of bail, they have been consolidated.

We first discuss the method of appealing this type case. We then review the merits of each defendant's appeal. As to David, we hold that the trial court had authority to revoke his bail and that sufficient evidence existed to do so. We therefore affirm the trial court's ruling in that case. As to Munoz, we hold that because defendant was denied notice, hearing and right to counsel, due process requires reversal. We therefore do not reach other constitutional challenges to article II, section 13 raised in that appeal.

### 1. *Method of Appeal*

The issue is not whether defendants have a right of appeal from an order denying or

revoking bail, but rather the proper method of perfecting the appeal. Munoz took a direct appeal pursuant to NMSA 1978, Crim., Child.Ct., Dom Rel. & W/C App. Rule 202 (Repl.Pamp.1983). David moved to appeal pursuant to NMSA 1978, Crim.P. Rule 26 (Repl.Pamp.1980) and NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.Rule 204 (Repl.Pamp.1983). Because of the apparent confusion as to the method of perfecting appeals from orders denying or revoking bail, we asked the parties in *State v. Munoz* to brief the question.

The problem arises because Crim.App. Rule 204 is tailored to NMSA 1978, Section 39-3-3 A(2) and Crim.P.Rule 26, both of which provide for review of conditions of release. No "conditions" were set in the cases before us, *see State v. Flores*, 99 N.M. 44, 653 P.2d 875 (1982) (there are no conditions of release if there is no bond), *See also State v. Romero*, 101 N.M. 661, 687 P.2d 96 (Ct.App.1984), nor was there an order requiring return to custody after specified hours.

■ We hold, nevertheless, that Crim. App.Rule 204 provides the most appropriate means for appeal in the type of cases before us. Article II, section 13 required that appeals from orders denying bail shall be given preference over all other matters, and Crim.App.Rule 204 provides the most expeditious method for doing that. We treat Munoz's docketing statement as a motion for appeal under Crim.App.Rule 204; the motion for appeal is granted.

■ The state argues that no appeal should lie until there has been a review hearing as required by NMSA 1978, Crim. P.Rule 22(e) (Repl.Pamp.1980). We reject this argument. Crim.P.Rule 22(e) provides for a hearing to review conditions of release or to review an order requiring return to custody after specified hours. Such a hearing would be unnecessary when, as here, bail is entirely revoked or denied.

Having determined that the appeals were properly brought, we turn to the merits of each case.

### 2. *David's Appeal*

A criminal complaint charges this defendant with the felony crimes of two counts of conspiracy, arson, two counts of aggravated burglary, possession of explosives and dangerous use of explosives. Bond was originally set at $1,000,000 but later reduced to $200,000. Because he was unable to post bond in either amount, defendant remained incarcerated from August 1983 until May 1984. When defendant moved for a review of his conditions of release, the state responded with its own motion for review of conditions for release. The state's motion alleged: (1) the existence of a letter written by or at the insistence of defendant to a Tommy Reed Rice, a material witness in the case, threatening Rice if he testified; (2) that defendant had previously been charged with three counts of escape from custody, one count of flight to avoid prosecution, and convicted of escape from custody; (3) that defendant and a co-defendant had made threats to bomb the Hobbs police department; and (4) that if released, defendant planned to travel to Arkansas to murder a Tommy Dobbs and then return to New Mexico to arrange for the deaths of Rice and a Gary Lynn Draper. The state claimed that these matters, which had not been previously made available to the court, represented a danger to the community and to witnesses for the state. The trial court reduced bond to $100,000 and ordered as additional conditions that defendant not leave the county and that he report to the sheriff's department on a daily basis.

After defendant's release the state filed another motion for review of the conditions, alleging that defendant, while an inmate in the Lea County jail, had attempted to hire a Pete Torres to murder Rice, a key witness for the state. The motion alleged that the police had taken a statement from an inmate (Chaves) who had overheard defendant contract with Torres for the murder of Rice. Chaves did not testify at the May 1984 hearing but did testify at the

August hearing. Defendant's bond was revoked.

■ Defendant challenges the trial court's authority to revoke bail. He contends that the trial court could have revoked bail only under NMSA 1978, Crim.P. Rule 24(a)(3) (Repl.Pamp.1980), which defendant says does not apply because he has not been charged, arrested, indicted or bound over for any crime allegedly committed while he was released. *Tijerina v. Baker*, 78 N.M. 770, 438 P.2d 514 (1968) authorizes revocation of bail under circumstances when necessary to prevent interference with the proper administration of justice. We do not understand that the Rules of Criminal Procedure were intended to overrule *Tijerina v. Baker*.

■ The state argues that the trial court could have accomplished the same result by imposing such onerous conditions defendant would not have been able to meet them. Thus, substance should govern over form so that the trial court could, as was done here, deny bail in a straightforward manner. We hold the trial court had authority to revoke defendant's bail.

■ Defendant also argues that the state should be estopped from relying on any matters relating to threats on the life of the witness Rice because that had been heard at the earlier hearing in May 1984 and did not result in revocation of bail. Without citing any authority to support his argument, defendant analogizes the situation to the doctrines of estoppel, collateral estoppel and res judicata. He also contends it is similar to child custody cases where a material change in circumstances must be shown in order to effect a change in custody. We reject these arguments. *See Tijerina v. Baker*. The finality of judgments in civil actions do not apply to interlocutory orders in criminal cases having to do with the release or non-release from custody when the administration of justice is threatened. An interlocutory bail determination is not a final judgment and bail decisions may be reviewed at any time and for a variety of reasons under Crim.P. Rules 22 and 24.

■ Finally, defendant claims there was insufficient evidence to support the revocation of bail. He advances several reasons why Chaves's testimony should be looked on with suspicion. He was an incarcerated informer; he did not come forward for several months; and the layout of the jail made it unlikely that he could have heard any conversation between defendant and Torres. This court does not pass judgment on the credibility of witnesses; that is for the trial court. *State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978). Chaves's testimony constituted substantial evidence.

We affirm the trial court's order revoking bail.

### 3. *Munoz's Appeal*

This defendant is also currently incarcerated, awaiting trial. On September 14, 1984 Munoz was arrested and charged with two counts of distribution of a controlled substance, to wit, marijuana, each a fourth degree felony. On September 17 the district attorney moved to deny bail pursuant to article II, section 13 on the grounds that defendant was charged with a felony and had previously been convicted of two felonies within the state. The motion does not allege that the two previous felonies did not arise out of the same transaction or a common transaction as the present charge, but we gather no contention is being made that they did.

On September 17 or 18, Munoz appeared before the trial court for arraignment. He had not been served with a copy of the state's motion and did not at that time have counsel. After advising Munoz of the motion to deny bail and without hearing either evidence or argument, the trial court granted the motion. Appointment of counsel was then made, and counsel learned of his appointment on September 19.

In his brief Munoz challenges the constitutionality of article II, section 13, both on its face and as applied to him, as violative of the eighth and fourteenth amendments

to the United States Constitution. Because we dispose of this appeal on the basis of denial of liberty without due process, we do not reach the remaining constitutional arguments. For a thorough review of the problem, *see* Norwood and Novins, *The Constitutionality of Pretrial Detention Without Bail In New Mexico*, 12 U.N.M.L. Rev. 685 (1982) and Comment, *The Constitution Is Constitutional—A Reply to "The Constitutionality of Pretrial Detention Without Bail In New Mexico"*, 13 U.N.M.L.Rev. 145 (1983).

Munoz's due process argument is premised on article II, section 13 creating "an irrebuttable presumption that any accused who has been convicted of two prior felonies is a flight risk, or should be denied bond for some other legitimate state purpose." In *Hunt v. Roth*, 648 F.2d 1148 (8th Cir.1981), *vacated as moot sub. nom. Murphy v. Hunt*, 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982), the court held unconstitutional a portion of the Nebraska constitution. That court said, "The fatal flaw in the Nebraska constitutional amendment is that the state has created an irrebuttable presumption that every individual charged with this particular offense [sexual] is incapable of assuring his appearance by conditioning it upon reasonable bail or is too dangerous to be granted release." 648 F.2d at 1164. *See also Huihui v. Shimoda*, 64 Haw. 527, 644 P.2d 968 (1982) (no bail where offense punishable by life imprisonment).

Article II, section 13 provides:

All persons shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great and in situations in which bail is specifically prohibited by this section. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.

Bail *may* be denied by the district court for a period of sixty days after the incarceration of the defendant by an order entered within seven days after the incarceration, in the following instances:

A. the defendant is accused of a felony and has previously been convicted of two or more felonies, within the state, which felonies did not arise from the same transaction or a common transaction with the case at bar;

B. the defendant is accused of a felony involving the use of a deadly weapon and has a prior felony conviction, within the state. The period for incarceration without bail may be extended by any period of time by which trial is delayed by a motion for a continuance made by or on behalf of the defendant. An appeal from an order denying bail shall be given preference over all other matters. (As amended November 4, 1980.) [Emphasis added.]

The difference between the New Mexico amendment and the statutes in Nebraska and Hawaii is that discretion has been given to the trial court. Article II, section 13 states, "Bail may be denied * * *." This court is to indulge all reasonable presumptions that a constitutional amendment is constitutional. *City of Raton v. Sproule*, 78 N.M. 138, 429 P.2d 336 (1967). Only if the illegality of the enactment appears beyond a reasonable doubt is it to be declared unconstitutional. *Id.* Further, it is well settled that if an act can be applied so as to avoid a conflict with the constitution, such construction should be adopted by the court. *State ex rel. Sedillo v. Sargent*, 24 N.M. 333, 171 P. 790 (1918). This same rule applies equally to constitutional enactments as it does to legislation. *See State ex rel. Witt v. State Canvassing Board*, 78 N.M. 682, 437 P.2d 143 (1968).

We therefore hold that article II, section 13 contemplates judicial discretion and that evidence of two or more previous felonies creates no more than a presumption which may be rebutted. It also contemplates a hearing for such purpose. *See Tijerina v. Baker.*

But in this case Munoz was not given notice that the state wished to deny him bail, nor was he afforded a hearing where he could offer evidence to rebut the presumption, and he was not afforded

counsel to advise and represent him. We hold that due process requires that an accused be given notice and an opportunity to be heard with right of counsel before bail can be denied under article II, section 13. *See Tijerina v. Baker.*

■ Because Munoz was denied due process, we hold that the trial court erred in denying him bail without notice, a hearing and right to counsel.

### 4. *Conclusion*

In *State v. David* the order revoking bail is affirmed. In *State v. Munoz,* the order denying bail is reversed.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.