**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2014-NMCA-037**

**Filing Date: January 21, 2014**

**Docket No. 31,904**

**STATE OF NEW MEXICO,**

    **Plaintiff-Appellee,**

**v.**

**STEVEN SEGURA,**

    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**GARCIA, Judge.**

**{1}**     This case raises the question of whether a defendant who has allegedly violated the conditions of his pretrial release pending trial has a due process right to confront the State's evidence before the district court may revoke bail and remand the defendant back into custody. Defendant in this case was not provided an opportunity to be heard before his bail was revoked and remanded back into custody. We conclude that a proper evidentiary hearing was required to protect Defendant's procedural due process rights. We reverse the judgment of the district court.

1

**BACKGROUND**

**{2}** Defendant was charged with one count of aggravated battery against a household member and one count of criminal damage to property. Following his arrest on the charges, Defendant was released on a $15,000 bond. The district court filed the order setting the conditions of Defendant's release pending trial. In pertinent part, the order required Defendant to refrain from the possession and consumption of illegal drugs and alcohol, and from contact with the alleged victim or witnesses in his case. The consequences for violating the conditions of Defendant's pretrial release included the revocation of Defendant's bond and release from custody.

**{3}** Seventeen months later, Defendant appeared at a scheduled plea hearing but decided to reject the State's plea offer. Following this rejection, the State orally alleged that Defendant had violated the conditions of his pretrial release by harassing the alleged victim. Additionally, the alleged victim had purportedly told a victim's advocate that she believed Defendant was using drugs. The State asked the district court to remand Defendant into custody for these alleged violations. Defense counsel responded by raising his due process concerns. "I would ask that if the prosecution believes [Defendant] has violated the conditions of [his pretrial] release, that they request a hearing, and we would request a full evidentiary hearing. This is a scheduling conference."

**{4}** The district court denied defense counsel's request for "a [full evidentiary] hearing and notice and the ability to properly argue" the alleged violations of Defendant's pretrial release conditions. The court ordered Defendant to submit to an immediate urinalysis test through the pretrial services department. Following Defendant's urinalysis test, the pretrial services employee who tested Defendant threw the test strip in a bathroom trash can. The same employee then informed the court that Defendant had tested positive for opiates. As a result, the State requested Defendant's "remand in violation of his conditions of [pretrial] release." Defense counsel again responded with a request for "a full evidentiary hearing pertaining to the allegations that [Defendant] violated his [pretrial release] conditions" and for an opportunity to "put the testing officer under oath and conduct an evidentiary hearing regarding the reliability of the testing[.]"

**{5}** Following defense counsel's renewed due process objection, the district court asked the pretrial services employee to retrieve Defendant's urinalysis test strip from the trash can. The district judge then personally examined the test strip, stating that the results were "pretty much across the border." The pretrial services employee agreed: "It's pretty clear it is a positive drug test. There's no line whatsoever on the opiates. That indicates recent use." Based on this evidence, the district court found Defendant had violated his conditions of pretrial release. The court did not permit Defendant to cross-examine the pretrial services employee regarding the foundation, sufficiency, or accuracy of the test.

**{6}** Defendant was remanded into the custody of the Metropolitan Detention Center and detained on a no-bond hold. The district court ordered Defendant to participate in the

2

Metropolitan Detention Center's addictions treatment program (ATP) during his detainment. After completing ATP, a process the court estimated would take approximately eight to ten weeks, Defendant would be returned to the district court for "a motion to review [the] conditions of [Defendant's pretrial] release." At that time, the district court planned to "see how things go" with regard to Defendant's continued custody. Defendant timely filed an appeal of the district court's orders. *See State v. David*, 1984-NMCA-119, ¶ 6, 102 N.M. 138, 692 P.2d 524 (treating a docketing statement as a motion filed under the rule that is now codified as Rule 12-204 NMRA).

**DISCUSSION**

**{7}**    Under Article II, Section 13 of the New Mexico Constitution, every accused, except a person accused of first degree murder where the proof is evident or the presumption great, is entitled to bail. A secured bond or additional conditions may be imposed if a release would be inimical to public safety or if a release without conditions would not reasonably assure the appearance of the defendant. *See State v. Gutierrez*, 2006-NMCA-090, ¶¶ 16-17, 140 N.M. 157, 140 P.3d 1106 (stating "that the purpose of bail is to secure the defendant's attendance to submit to the punishment to be imposed by the court" and that a defendant's interest in pretrial release must be balanced with "the [s]tate's interest in securing the defendant's appearance at trial and the interest in safeguarding the community" (internal quotation marks and citation omitted)). In this case, Defendant challenges the procedure used to revoke his bail and remand him into custody.

**{8}**    The right to bail is not absolute. *Tijerina v. Baker*, 1968-NMSC-009, ¶ 9, 78 N.M. 770, 438 P.2d 514. The district court has the discretion to revoke bail when necessary "to prevent interference with . . . the proper administration of justice." *Id.* ¶ 10. A court can similarly order re-arrest and confinement for violation of a condition of pretrial release. *See State v. Rivera*, 2003-NMCA-059, ¶ 20, 133 N.M. 571, 66 P.3d 344 ("Conditions of release are separate, coercive powers of a court, apart from the bond itself. They are enforceable by immediate arrest, revocation, or modification if violated. Such conditions of release are intended to protect the public and keep the defendant in line."), *rev'd on other grounds*, 2004-NMSC-001, 134 N.M. 768, 82 P.3d 939. Despite this recognized power to revoke bail if a defendant violates his conditions of release, Rule 5-403 NMRA provides no mechanism or procedure for the revocation of bail under such circumstances.

**{9}**    Defendant argues that the district court violated his right to procedural due process by remanding him into custody without notice or an opportunity to be heard at an evidentiary hearing on the allegations. The State responds that the imposition of ATP—notwithstanding Defendant's placement in the Metropolitan Detention Center—did not revoke Defendant's bail and instead simply imposed a modification of the conditions of Defendant's pretrial release. The State also asserts that this Court should not reach the merits of this appeal because Defendant has subsequently been released from state custody.

**{10}**    As a preliminary matter, we address the nature of the district court's orders. Second,

3

we will discuss the State's assertion that this appeal is moot. Finally, we will address the merits of this appeal.

## I.     Right to Appeal

**{11}**     We first address the nature of the district court's orders and whether Defendant has a right to appeal. At issue is whether the district court order constitutes a bail bond revocation or a simple amendment to Defendant's conditions of pretrial release. If the district court only amended Defendant's conditions of pretrial release but did not revoke his release from custody and entitlement to bail, then Defendant would not have a right to appeal or appellate review. *See generally* Rule 5-401 NMRA.

**{12}**     The State argues that the district court amended Defendant's conditions of pretrial release by imposing an additional requirement that he attend treatment for drug dependency. To support this argument, the State asserts that the rules permit a court to confine a defendant in a facility to treat a dependency on drugs or alcohol as a condition of pretrial release. *See* Rule 5-401(D)(2)(j) (stating that a court may impose "a condition that the person undergo available . . . treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose"). We agree that a court may temporarily confine a drug or alcohol dependent defendant for treatment in a specified inpatient program as a condition of pretrial release. However, such confinement is different from pretrial detention without bail in that a defendant is freed as soon as he completes treatment and need not remain in the institution until trial. *Cf. State v. Martinez*, 1998-NMSC-023, ¶¶ 16-18, 126 N.M. 39, 966 P.2d 747 (refusing to equate inpatient alcohol treatment to custodial confinement for purposes of pre and post sentence confinement credit); *State v. Fellhauer*, 1997-NMCA-064, ¶ 12, 123 N.M. 476, 943 P.2d 123 ("[C]redit for time spent in residential drug treatment facility available only if restrictions so confining that violations constitute offense of escape.").

**{13}**     Defendant's confinement in the detention center included ATP, but the drug rehabilitation component of his incarceration does not distinguish Defendant's remand into custody from a standard form of pretrial detention in a jail. *See State v. Flores*, 1982-NMSC-132, ¶ 8, 99 N.M. 44, 653 P.2d 875 ("The whole purpose for 'conditions of release' is to place limitations on a person *not* in custody."); *State v. La Badie*, 1975-NMCA-032, ¶¶ 4-7, 87 N.M. 391, 534 P.2d 483 (finding official confinement where the defendant was committed to a locked facility from which he could not voluntarily leave, even though he was not subject to control by police or correctional officers). Like any other detained prisoner, Defendant had no freedom of movement or control over his place of custody. *See State v. Clah*, 1997-NMCA-091, ¶ 14, 124 N.M. 6, 946 P.2d 210 (refusing to recognize inpatient alcohol treatment as official confinement equivalent to custody in jail where there were no limitations on the defendant's ability to leave the facility). As a result, court ordered ATP in jail is not an equivalent to other inpatient treatment and rehabilitation programs operating in the public community and accepting individuals released from custody as contemplated by Rule 5-401(D)(2)(j). The State's assertion that Defendant's indefinite

remand into state custody functioned only to modify Defendant's pretrial conditions of release is not well taken.

**{14}** The fact that ATP is only provided to detainees while incarcerated in a jail means that it cannot also be considered the equivalent of a release from custody and a condition of said release. *See Clah*, 1997-NMCA-091, ¶ 12 (concluding that "[t]ime spent actually incarcerated in a municipal or county jail and time spent in a state correctional facility obviously qualify" as official confinement). Although the district court apparently imposed drug treatment as a condition of incarceration upon Defendant, it is undisputed that his bail bond was revoked and Defendant was remanded into the custody of the local jail on a "no bond hold." *See Flores*, 1982-NMSC-132, ¶ 7 (stating that there were no conditions of release when a defendant is remanded into custody without bail and it was not intended that he be released).

**{15}** The confusion regarding the district court's order most likely arose from its statement that it would review the conditions of pretrial release following Defendant's successful completion of ATP. This statement might have given the State the impression that Defendant's remand into custody was only a temporary suspension of his pretrial release. However, nothing in the district court's remand language indicated any intention or order to release Defendant from custody upon his completion of ATP. The district court did not identify any mandatory reinstatement of Defendant's liberty interest after ATP, but instead simply stated that it would "see how things go at that time." *See State v. Hicks*, 2002-NMCA-038, ¶ 14, 132 N.M. 68, 43 P.3d 1078 ("If the magistrate judge wanted to regard this situation as a limited release of [the d]efendant on his own recognizance, it was incumbent on the judge to say so in clear, cogent language."). The district court's ruling only provided a potential opportunity to revisit revocation of bail and the incarceration of Defendant if he completed ATP.

**{16}** This case is properly viewed as an appeal of the district court's order revoking Defendant's conditions of pretrial release and bail. *See State v. Romero*, 1984-NMCA-087, ¶ 18, 101 N.M. 661, 687 P.2d 96 ("Inasmuch as [the] defendant was in custody at all pertinent times, the conditions of release are not applicable."). We thus reject the State's argument that Defendant is not entitled to appeal. *See State v. David*, 1984-NMCA-119, ¶¶ 5-7, 102 N.M. 138, 692 P.2d 524 (permitting an appeal from an order revoking bail despite the fact that the order was not within the terms of the rule now codified at Rule 12-204 or within the terms of the jurisdictional requirements of NMSA 1978, Section 39-3-3(A)(2) (1972)).

## II.    Mootness

**{17}** We next address the State's request to dismiss this appeal as moot because Defendant was released from Metropolitan Detention Center custody on April 19, 2012. *See State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764 ("As a general rule, appellate

courts should not decide moot cases."). The online case record for this case reveals that Defendant was released on the same $15,000 bond that he originally paid.

**{18}** "An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *Id.* Even if moot, Defendant contends that this Court should still address the merits of this appeal because the case is capable of repetition yet, if we do not hear it, it may evade review. *See Gunaji v. Macias*, 2001-NMSC-028, ¶ 10, 130 N.M. 734, 31 P.3d 1008 (addressing claims of unfair election procedures after the winning candidate's term of office had expired because the issues were capable of repetition but would evade review). We agree.

**{19}** The question of whether due process requires that the defendant at a bail revocation hearing be allowed to cross-examine witnesses at an evidentiary hearing is an issue of statewide significance because bail is regularly imposed in a very large number of cases throughout the state. N.M. Const. art. II, § 13 ("*All* persons shall, before conviction be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great and in situations in which bail is specifically prohibited by this section." (emphasis added)). It is capable of repetition because a revocation hearing can be requested in any criminal proceeding for which bail is imposed. Rule 5-401(F) ("Upon motion by the state to detain a person without bail pending trial, the court shall hold a hearing to determine whether bail may be denied pursuant to Article 2, § 1 of the New Mexico Constitution."); *see Tijerina*, 1968-NMSC-009, ¶ 11. The issue will continue to evade review because cases against pretrial detainees are resolved prior to any review by this Court. *See Sergio B.*, 2002-NMCA-070, ¶ 11 (explaining that the short-term commitment of most juvenile dispositions can cause the evasion of appellate review on issues that will arise again in future children's cases). As happened in this case, a defendant will likely be re-released from custody by the time this Court addresses the constitutional validity of the initial bail revocation.

**{20}** The issue of whether a defendant has a due process right to confront the State's evidence and witnesses against him before the district court revokes bail and remands the defendant back into custody is functionally justiciable, legally significant, and is capable of repetition yet evading review. Accordingly, we agree to address the issue on its merits and deny the State's assertion of mootness.

## III.    Due Process

**{21}** Defendant contends that the district court erred in revoking his bond and release from custody without adequate procedural due process protections guaranteed by the Fourteenth Amendment to the United States Constitution. He asserts that: (1) the case was only scheduled for a plea or scheduling hearing; (2) he had no notice of the State's intent to seek a revocation of bail; and (3) he did not have a meaningful opportunity to defend against the allegations through cross-examination of the pretrial services employee who conducted the urinalysis testing or by contesting the reliability and accuracy of the test itself. The State counters that Defendant suffered a minimal loss of liberty at most. It asserts that the district

6

court's failure to hold a full evidentiary hearing on the State's allegation that Defendant violated his conditions of pretrial release did not violate due process.

**{22}** At issue in this appeal is the technical process required to satisfy procedural due process before a district court may revoke bail and remand a pretrial defendant into custody. New Mexico case law is clear that a due process hearing is ultimately required before a pretrial releasee's liberty can be terminated. *David*, 1984-NMCA-119, ¶ 23 (requiring the district court to provide an accused with the due process requirements of notice and an opportunity to be heard with right of counsel before revoking bail). The Committee Commentary to Rule 5-403 expressly incorporates "New Mexico case law holding that notice and hearing are required prior to a revocation of bail." Yet, due process is a flexible concept. "[N]ot all situations calling for procedural safeguards call for the same kind of procedure." *State v. Guthrie*, 2011-NMSC-014, ¶ 11, 150 N.M. 84, 257 P.3d 904 (emphasis, internal quotation marks, and citation omitted). We recognize that the present case does not involve a situation where the State sought, and the district court imposed, a temporary remand of a pretrial defendant back into custody until a due process hearing could be conducted at a later date.

**{23}** The State argues that Defendant was entitled to only a limited due process right because a revocation of pretrial release is similar in nature to a revocation of probation or parole. *Id.* ¶ 10 ("Because loss of probation is loss of only conditional liberty, the full panoply of rights due a defendant in a criminal trial do not apply [during a hearing to revoke probation.]" (alterations, internal quotation marks, and citation omitted)). We agree to the extent that all three proceedings involve the revocation of a significant form of a defendant's liberty. *See id.* ("Revocation of probation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special probation restrictions." (alteration, internal quotation marks, and citation omitted)). But a person on pretrial release has a greater liberty interest than a probationer or a parolee because he has not yet been convicted and the presumption of innocence is still attached. *Tijerina*, 1968-NMSC-009, ¶ 9 ("Generally, provisions with regard to admitting to bail in criminal cases are based upon the idea that a person accused of crime shall be admitted to bail until adjudged guilty by the court of last resort to him."). We conclude that the burden of establishing facts necessary to support a revocation of bail rests upon the State, with a right to contest the evidence introduced. *See Guthrie*, 2011-NMSC-014, ¶ 11 (establishing a minimum due process standard to exist in the context of a probation revocation hearing that includes an informal hearing where "[t]he parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions [of probation], or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation" (internal quotation marks and citation omitted)).

**{24}** We recognize that a full evidentiary hearing is not required in every case that involves a conditional liberty interest. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) ("[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations.");

7

*Guthrie*, 2011-NMSC-014, ¶ 10. In this case, Defendant was denied any opportunity to examine witnesses, to present any evidence in opposition to the State's oral motion, or to defend against the revocation of his bail and release from custody. Defendant was not afforded the opportunity to show any mitigating circumstances that might continue to support his release from custody. As a result, the district court did not consider any alternatives to incarceration or whether additional conditions of release would adequately protect the community, the State's witnesses, and assure Defendant's appearance at trial. Nor was Defendant afforded a subsequent bail revocation hearing where he could offer evidence and exercise his due process rights in a meaningful manner. *See David*, 1984-NMCA-119, ¶ 16.

**CONCLUSION**

{25}    Defendant was denied his procedural due process right to an adequate hearing prior to a pretrial revocation of his bail and remand into the custody of the local jail. Although only a conditional liberty interest was at stake, Defendant was entitled to examine the witnesses and evidence presented by the State as well as an opportunity to present his own evidence at the pretrial bail revocation hearing. The order of the district court revoking Defendant's bail and remanding him into the custody of the detention center is hereby reversed. As Defendant has already been released from custody, no further proceedings in the district court are required at this time.

{26}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**M. MONICA ZAMORA, Judge**

**Topic Index for *State v. Segura*, No. 31,904**

**APPEAL AND ERROR**
Appealable Order
Right to Appeal

**CONSTITUTIONAL LAW**
Due Process
Mootness

New Mexico Constitution, General

**CRIMINAL LAW**
Controlled Substances

**CRIMINAL PROCEDURE**
Bail and Bail Bondsmen
Due Process
Evidentiary Hearing
Notice